440 So.2d 41 (1983)
EASTSIDE BAIT & TACKLE and Florida Farm Bureau, Appellants,
v.
Corene S. HUMPHREY, Appellee.
No. AQ-66.
District Court of Appeal of Florida, First District.
November 8, 1983.
Jack A. Langdon of Jones & Langdon, Gainesville, for appellants.
No appearance by appellee.
PER CURIAM.
This cause is before us on appeal from a final order of the deputy commissioner awarding temporary partial disability benefits calculated upon claimant's ability to work 20 hours per week at the prevailing minimum wage. The deputy's finding that claimant was TPD from October 31, *42 1980 to April 8, 1982 is supported by competent, substantial evidence in the record. The deputy's tacit excusal of a work search by finding that, although claimant did not actually work during the 17 months in question, she was able to work 20 hours per week at the prevailing minimum wage during that period, must be reversed.
At the hearing, claimant testified that she had not looked for any type of job since the injury and that if she were to consider any employment, she would limit the number of hours worked so as not to forfeit her social security retirement benefits. The record does not disclose evidence that would excuse, on the basis of her mental or physical condition, claimant's failure to conduct an adequate job search. A conscientious work search is the Chapter 440 obligation of any injured and unemployed worker not physically disabled to work. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). In the absence of a conscientious work search or a medically justifiable excusal from the duty to look for work, there is no entitlement to TPD compensation. The deputy's award of TPD benefits from October 31, 1980 to April 8, 1982 is therefore reversed.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.