453 So.2d 81 (1984)
MT. SINAI MEDICAL CENTER and All Risk Corp. of Florida, Appellants/Cross-Appellees,
v.
Mamie SAMUELS, Appellee/Cross-Appellant, and Division of Workers' Compensation, Appellee.
No. AU-476.
District Court of Appeal of Florida, First District.
May 31, 1984.
Rehearing Denied July 6, 1984.
Mary Ann Stiles, of Mary Ann Stiles, P.A., Tampa, and John F. McMath, of John F. McMath, P.A., Miami, for appellants/cross-appellees.
Jay M. Levy, of Hershoff & Levy, Miami, for appellee/cross-appellant, Mamie Samuels.
No appearance for appellee Div. of Workers' Compensation.
WIGGINTON, Judge.
The employer/carrier appeal and the claimant cross-appeals the deputy commissioner's order awarding temporary and permanent disability benefits, and related interest and costs, but denying payment of claimant's medical bills. We affirm in part and reverse in part.
Initially, we reverse the award of temporary partial disability benefits for the period beginning February 2, 1982, and ending June 22, 1982. The record is devoid of competent evidence of a work search during this period, and a good faith work search is essential to an award of TPD benefits. Eastside Bait & Tackle v. Humphrey, 440 So.2d 41 (Fla. 1st DCA 1983). Accordingly, the award of interest based on those benefits for that period is also reversed.
We affirm the remaining awards of temporary total, temporary partial, and permanent total disability benefits. Substantial, competent evidence supports these awards, in light of claimant's restrictions, limitations, and surgery which was shown to be causally related to her industrial injury. *82 Interest and costs based on these benefits similarly stand affirmed.
Finally, we reverse the deputy's denial of claimant's request for the employer/carrier's payment of her medical bills. Although the medical bills were proffered at the hearing, the deputy sustained the employer/carrier's objection to their introduction on the basis that the bills had not been "substantiated" by the claimant, and did not conform to the statutory medical fee schedule. In so doing, the deputy erred. Claimant testified at the hearing that she had received the bills; claimant's treating physician testified at his deposition as to the amount of the bills. Whether the bills correspond to the fee schedule is immaterial, as that matter will be handled administratively under section 440.13(3)(a), Florida Statutes (1981), allowing for the health care provider to be paid either his customary charge or the maximum charge under the schedule, whichever is the lesser amount. Accordingly, on remand, the deputy is directed to admit into evidence the medical bills proffered at the original hearing on this claim.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.