496 So.2d 920 (1986)
TRAVELERS INSURANCE CO., Appellant,
v.
Jan Boxer SITKO and Florida Insurance Guarantee Association, Inc., Appellees.
No. BI-146.
District Court of Appeal of Florida, First District.
October 27, 1986.
Richard M. Leslie and Maxine M. Long of Shutts & Bowen, Miami, for appellant.
Jerold Feuer, Miami, for appellee Jan Boxer Sitko.
Sally R. Doerner, of Walton, Lantaff, Schroeder & Carson, Miami, for appellee Florida Ins. Guarantee Ass'n.
ZEHMER, Judge.
Travelers Insurance Co. (Travelers) appeals an order of the deputy commissioner holding that Travelers is not entitled to any recovery from the Florida Guarantee Insurance Association (FIGA) and awarding $78,759.82 to certain medical care providers notwithstanding Travelers' lien for medical benefits it paid for claimant's benefit under a medical insurance policy covering claimant. The principal issue is whether the deputy commissioner had jurisdiction to determine whether Travelers is precluded by section 631.54(3), Florida Statutes (1983), from recovering any sums from FIGA. Concluding that the deputy commissioner has no such authority, we affirm in part and reverse in part.
*921 Claimant, Jan Sitko, was totally disabled by an automobile accident in March 1984. The employer/carrier, Kent Insurance Company (Kent), initially denied workers' compensation benefits on the ground that the injuries were not work-related. Travelers insured Sitko against nonwork-related injuries and accordingly began paying Sitko's medical expenses. Sitko later filed a workers' compensation action alleging that the injuries were work-related. Pending resolution of this dispute, Sitko's attorney, Jerold Feuer, entered into an agreement with Travelers whereby Travelers agreed to pay Sitko's medical bills in return for Feuer's agreement to protect a lien by Travelers on any workers' compensation benefits that might ultimately be recovered. Pursuant to this agreement Travelers paid $220,000 of Sitko's medical expenses, leaving approximately $80,000 unpaid.
In October 1984 the deputy commissioner ruled that Sitko's injuries were work-related and ordered Kent to pay Sitko more than $300,000 for medical bills, including those already paid by Travelers. The order specifically found that Travelers had a lien against these benefits. The order was appealed to this court, but Kent was declared insolvent before the appeal could be heard. FIGA, pursuant to chapter 631, Florida Statutes, then entered this proceeding on behalf of Kent. The deputy's order was affirmed on appeal.
After the court's decision, and presumably in compliance with the affirmed order, FIGA sent Feuer a check for $78,759.82, the amount of Sitko's medical bills which FIGA estimated remained unpaid. Attached to the check was a letter stating that, as FIGA interpreted it, section 631.54(3), Florida Statutes (1983),[1] authorized FIGA to pay only "covered claims," i.e. only those medical bills which had not already been paid by another insurance company. The letter then stated that, because Travelers was an insurance company as defined by the statute, FIGA could not reimburse Travelers for any of the money Travelers had expended on Sitko's behalf. When notified of FIGA's contentions, Travelers claimed the $78,759.82 paid to Feuer pursuant to its lien and agreement with Feuer. Feuer deposited the check in his trust account and filed a motion for direction and modification with the deputy commissioner. He served this motion on both FIGA and Travelers, and both participated in a hearing before the deputy. The deputy found that the insolvency of Kent constituted a significant change of circumstances allowing him to modify his prior 1984 order. His new order directed Feuer to use the $78,759.82 to pay Sitko's previously unpaid medical bills, and upheld FIGA's interpretation of the provisions of chapter 631.
Travelers appeals the deputy's order modifying the 1984 order, arguing that the deputy lacked jurisdiction to determine their dispute with FIGA regarding the application of chapter 631 to Travelers. FIGA and Sitko argue that the deputy had jurisdiction to resolve this dispute under section 440.25(1), Florida Statutes, and that the deputy correctly interpreted the provisions of chapter 631.
We begin our analysis with the premise that workers' compensation is purely a creature of statute. All rights and liabilities under the system are created by chapter 440, Florida Statutes, as is the deputy's power to hear and determine issues in a workers' compensation case. If the deputy has jurisdiction over a potential *922 party to a workers' compensation action, that jurisdiction must also stem from the statute. In this case the parties could cite no authority, nor have we found any, for the deputy's jurisdiction over Travelers, a third-party insurer having no connection to claimant's employer's workers' compensation coverage. Although section 440.25(2), Florida Statutes (1983), allows notice to "any other person other than the claimant whom the division considers an interested party," it does not define the term "interested party." Section 440.25(3)(b) allows only the claimant and the employer to give evidence at a hearing. As we interpret it, the statutory scheme contemplates that, at least in the usual case, only the employer/carrier and the claimant will be "interested parties." In any event we hold, for the reasons stated below, that the deputy did not have jurisdiction to decide the issue of FIGA's liability or lack thereof to Travelers under section 631.54(3), and we need not reach the question of the deputy's possible jurisdiction over Travelers had a different issue been involved. We note, however, that where there is no obvious statutory authority for the deputy's exercise of jurisdiction over a proposed party, the basis for the deputy's jurisdiction should be discussed in the order.
The deputy had no statutory authority to decide the chapter 631 dispute over FIGA's liability to Travelers. Section 440.24 expressly places jurisdiction over this type of dispute in the circuit courts:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, [the proper] circuit court ... shall, upon application by ... any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued.
Here the carrier, FIGA, failed to comply with the deputy commissioner's 1984 compensation order; therefore, the circuit court is the proper forum for resolution of this dispute. Since chapter 440 places jurisdiction over this type of action in a different forum, the deputy commissioner did not have jurisdiction to hear or determine the issue of FIGA's liability to Travelers.[2]
Appellees argue that the deputy has jurisdiction over this dispute under section 440.25(1), Florida Statutes, which reads, "The deputy commissioner shall have full power and authority to hear and determine all questions presented in respect to such claims [for compensation or other benefits]." Here, the claim was not "in respect to" a claim for benefits, but is a purely collateral dispute between FIGA, the substituted carrier for Kent, and an insurer seeking reimbursement as authorized by a valid order of the deputy commissioner for medical benefits paid pursuant to an agreement with claimant. Thus it is expressly governed by section 440.24. Disputes of this type have generally been held to be outside the deputy's statutory jurisdiction. See TRW, Inc. v. Betts, 407 So.2d 377 (Fla. 1st DCA 1981), petition for review denied, 417 So.2d 328 (Fla. 1982); U.S. Home Corp. v. Parker, 404 So.2d 170 (Fla. 1st DCA 1981).
The deputy did, however, have jurisdiction to advise Feuer to pay the $78,759.82 to the unpaid medical care providers. Section 440.13(3) provides that "[t]he health care provider or health care facility providing services pursuant to this section shall be paid for the services solely by the employer or its insurance carrier." This section directs FIGA to pay the unpaid medical care providers directly.[3] Given *923 that FIGA could have paid the medical care providers directly, the deputy was correct in advising Feuer to pay the money according to FIGA's directions. Travelers has no lien on the funds paid to Feuer's trust account for the unpaid medical providers; therefore, its chapter 440 remedy must be asserted in circuit court.
Accordingly, that portion of the deputy's order of modification which purports to determine FIGA's liability to Travelers under section 631.54(3) is invalid and vacated. That portion directing Feuer to pay the unpaid medical care providers is affirmed.
AFFIRMED in part and REVERSED in part.
NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] That section states:

"Covered claim" means an unpaid claim, including one of unearned premiums, which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy to which this part applies, issued by an insurer, if such insurer becomes an insolvent insurer after October 1, 1970, and the claimant or insured is a resident of this state at the time of the insured event or the property from which the claim arises is permanently located in this state. "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise. Member insurers shall have no right of subrogation against the insured of any insolvent member.
[2] Parenthetically, we note that Travelers has already filed suit in circuit court seeking a determination of FIGA's liability under chapter 631.
[3] We are aware of the contrary authority in Greynolds Park Manor v. George, 417 So.2d 990 (Fla. 1st DCA 1982). There the court held that it was error for the deputy to "direct the employer to pay directly persons or entities which had paid for the care [of the claiment] but were not actually before the deputy." 417 So.2d at 991. Greynolds, however, was decided in 1982, and the cited language was added to the statute by chapter 83-305, Laws of Florida, with an effective date of June 30, 1983.