508 So.2d 476 (1987)
LONG GROVE BUILDERS, INC. and General Accident Insurance, Appellants,
v.
Warren Michael HAUN, Appellee.
No. BO-248.
District Court of Appeal of Florida, First District.
June 5, 1987.
Thomas A. Koval of Moss, Henderson & Lloyd, P.A., Vero Beach, for appellants.
Rodney Guy Romano of Cone, Wagner, Nugent, Johnson, Roth & Romano, P.A., West Palm Beach, for appellee.
MILLS, Judge.
The question presented in this workers' compensation appeal is whether a deputy commissioner may decide, at the claimant's request, the amount of an authorized treating physician's bill payable under the Medical Services Fee Schedule adopted by the Division of Workers' Compensation pursuant to section 440.13, Florida Statutes. We hold he may not, and reverse the order appealed.
The claimant, Warren Haun, injured his left hand in a power saw accident on 23 November 1983. An authorized treating physician, Dr. Thomson, submitted a bill for $3,010 to the employer/carrier (e/c). The e/c paid Dr. Thomson only $478, contending that was the full amount due under the Medical Services Fee Schedule.
In his client's behalf, the claimant's attorney requested a hearing before a deputy commissioner on the issues of medical fees due Dr. Thomson, interest, attorneys' fees and costs. The claimant's attorney also submitted a request in behalf of Dr. Thomson, pursuant to Florida Administrative Code Rule 38F-7.021 (formerly 38F-7.21), to the Office of Medical Services of the Division of Workers' Compensation, seeking a determination of the correctness of the amount paid Dr. Thomson by the e/c. Pursuant to the latter request, Dr. Thomson's bill was reviewed by a registered nurse employed by the Office of Medical Services, who determined that under the Medical Services Fee Schedule the e/c owed Dr. Thomson an additional $84. The e/c paid the additional $84, resulting in a total payment to Dr. Thomson of $562.
At the hearing before the deputy commissioner, the e/c objected to consideration of Dr. Thomson's bill on the ground that administrative review of the medical bill pursuant to Rule 38F-7.021 deprived the deputy of subject matter jurisdiction to hear the claim. In his order, the deputy commissioner concluded he had jurisdiction to decide how much of Dr. Thomson's bill was payable under the schedule. Then, based on his own analysis of the nature of the services rendered by Dr. Thomson, the deputy commissioner conformed the bill to the schedule and found the e/c should have paid Dr. Thomson a total of $1,674.
Section 440.13(3), Florida Statutes (1983), provides in part:
The health care provider or health care facility providing services pursuant to this section shall be paid for the services solely by the employer or its insurance carrier, except for payments from third *477 parties who have been determined to be liable for such payment.
In addition, subsection 2 of Rule 38F-7.021 specifically prohibits holding the injured employee liable or billing him for services under the Workers' Compensation Program. Given the claimant's apparent insulation from liability for Dr. Thomson's medical bill, we conclude the claimant was without standing to bring the dispute over conformance of the medical bill to the fee schedule before the deputy commissioner for adjudication. The deputy commissioner therefore erred in deciding the issue.
This Court observed in Mt. Sinai Medical Center v. Samuels, 453 So.2d 81 (Fla. 1st DCA 1984), that the issue of whether medical bills correspond to the Medical Services Fee Schedule is handled administratively pursuant to section 440.13(3)(a), Florida Statutes (1981) (now 440.13(4)(a)). The administrative framework for resolving the issue is provided in Florida Administrative Code Rule 38F-7.021. It is within the framework of the rule that the parties truly affected by the ultimate determination  the health care provider or facility and the employer/carrier  may have the issue decided.
Because the order must be reversed on the ground that the deputy commissioner erred in deciding the amount payable by the e/c under the schedule, the question of whether the deputy erred in conforming the bill to the schedule based on his own analysis of the nature of the services rendered is moot.
REVERSED.
WENTWORTH and BARFIELD, JJ., concur.