547 So.2d 1001 (1989)
Robert G. LAMOUNETTE, D.C., James M. Barrass, D.C., and Gainesville Chiropractic Clinic, P.A., Petitioners,
v.
Honorable Elwyn M. AKINS, Deputy Commissioner, and Wal-Mart Stores and Corporate Service, Inc., Respondents.
No. 89-1339.
District Court of Appeal of Florida, First District.
August 10, 1989.
*1002 Douglas W. Abruzzo of Barton, Davis & Fernandes, Gainesville, for petitioners.
Richard S. Thompson of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for respondents Wal-Mart Stores and Corporate Service, Inc.
No appearance for respondent Akins.
PER CURIAM.
Robert G. Lamounette, D.C., James M. Barrass, D.C., and Gainesville Chiropractic Clinic, P.A., petition this court for a writ of prohibition, contending that Deputy Commissioner Akins lacks subject matter jurisdiction of their dispute with a workers' compensation employer/carrier over payment of a bill for services. We agree and grant relief.
In 1986, Barbara Knowles was an employee of Wal-Mart Stores when she suffered a compensable back injury. She was treated by Dr. Lamounette, an employee of Dr. Barrass and his clinic, for a period of nine or ten months and he rendered a statement in the amount of $11,057.25. The employer/carrier paid the bill but subsequently concluded there may have been overutilization of services and sought to recover the funds. Records were submitted to the Utilization Review Committee which referred the case to the Chiropractic Peer Review Committee (CPRC). After a hearing the CPRC determined that Dr. Lamounette had overutilized his services in the treatment of Ms. Knowles. The employer/carrier then filed a motion for order to show cause with the Division of Workers' Compensation. The file was forwarded by the division to Deputy Commissioner Akins for further action. Dr. Lamounette moved to strike contending, inter alia, that the deputy lacked jurisdiction to resolve this dispute. The motion to strike was denied and the physician was ordered to show cause why he should not be required to repay the amount in issue. This petition then followed and we issued an order to show cause, directing the employer/carrier to respond and giving Deputy Commissioner Akins the option to also respond, in his discretion. The employer/carrier timely filed their response and no response was received from the deputy.
Petitioners first argue that the employer/carrier and the division did not follow the statutorily-mandated procedures in making an initial determination that there was overutilization of services. They also contend that the CPRC review was premature and that the hearing violated due process guarantees. We expressly decline to address these arguments, finding that they can be adequately addressed on appeal from a final order.
We must concur, however, with the petitioners' suggestion that the deputy commissioner lacks jurisdiction to issue an order to show cause and to hold a hearing on the alleged overutilization of services. Section 440.13(4)(d)4 (Supp. 1988) provides:
If it is determined that a physician improperly overutilized, or otherwise rendered or ordered, inappropriate medical treatment or services, or that the reimbursement for such treatment or services was inappropriate, the division may order the physician to show cause why he should not be required to repay the amount which was paid for the rendering or ordering of such treatment or services and shall inform him of his right to a hearing under the provisions of s. 120.57. If a hearing is not requested within 30 days of receipt of the order and the division director decides to proceed with the matter, a hearing shall be conducted, a prima facie case established, and a final order issued. If the final order, including judicial review if the order is appealed, is adverse to the physician, the division shall provide the licensing board of the physician with full documentation of such determination.
Clearly the statute contemplates action in such disputes by the division, with the possibility of a section 120.57 hearing if requested by the physician. The statute makes no provision for the participation of a deputy commissioner in the resolution of such disputes. Petitioners argue, and we agree, that while deputy commissioners are within the Department of Labor and Employment Security, they are not employees *1003 of or otherwise a part of the Division of Workers' Compensation. See §§ 20.171(2)(d); 120.52(1)(c); 440.021; and 440.45(3). Fla. Stat. (1987). Thus, we read section 440.13(4)(d)4 as requiring agency action in accordance with the Florida Administrative Procedure Act, chapter 120, Florida Statutes, with the division serving as the agency and the division director serving as agency head, §§ 120.52(1)(b) and (3), Fla. Stat. As the deputy commissioner is neither an agency head nor a hearing officer, his participation in the process is not authorized.
Although not argued by the respondents, we have considered the possibility that the the broad grant of powers to the deputies contained in section 440.25(1), Florida Statutes, might justify Deputy Commissioner Akins' role in these proceedings. That subsection states in pertinent part that "[t]he deputy commissioner shall have full power and authority to hear and determine all questions presented in respect to [workers' compensation] claims." Case law interpreting section 440.25(1) makes clear, however, that a deputy's role in the workers' compensation dispute resolution process is not without jurisdictional boundaries. We find Travelers Insurance Co. v. Sitko, 496 So.2d 920 (Fla. 1st DCA 1986) particularly instructive. In Sitko this court held that a deputy lacked jurisdiction to resolve a dispute between the Florida Insurance Guarantee Association and a non-workers' compensation insurer as to recovery of certain monies expended by the insurer on behalf of a claimant. It based its conclusion on an interpretation of the statutory scheme that in most cases the claimant and the employer/carrier would be the only interested parties to litigation before the deputy. More significantly, the court found that a provision of chapter 440, Florida Statutes, expressly placed jurisdiction over that type of dispute in the circuit court. Applying the same analysis to the dispute between the employer/carrier and physician pending below, we find that the statute requires proceedings in accordance with chapter 120 and that the deputy commissioner has no proper role in the process.
Accordingly, we make the rule to show cause absolute, quash the deputy commissioner's order of April 24, 1989, and issue the writ of prohibition. Respondent Akins shall take no further action with regard to the dispute between petitioners and the employer/carrier.
Writ issued.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.