582 So.2d 10 (1991)
ATLANTIC FOUNDATION, and Executive Risk Consultants, Petitioners,
v.
Randy GURLACZ, and Dr. Gregory Lovaas, Respondents.
No. 91-435.
District Court of Appeal of Florida, First District.
May 9, 1991.
Rehearing Denied July 24, 1991.
Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for petitioners.
Peter S. Schwedock, P.A., Miami, for respondent Gregory Lovaas, M.D.
PER CURIAM.
Randy Gurlacz is an injured worker receiving workers' compensation benefits under the applicable Florida statutory provisions. Atlantic Foundation and Executive Risk Consultants are the employer and carrier (e/c), respectively. Treatment of Gurlacz by Gregory Lovaas, M.D., was authorized by the e/c and Dr. Lovaas submitted bills to the e/c for his treatment of the claimant. The e/c, however, paid amounts less than those billed, contending that these reductions were in accordance with the Workers' Compensation Reimbursement Manual. Dr. Lovaas was dissatisfied with the payments and sought relief from the Judge of Compensation Claims. The e/c moved to dismiss the claim on the grounds that the Division of Workers' Compensation, rather than the JCC, was the proper forum for resolution of the dispute. The JCC denied the motion, finding that he had jurisdiction pursuant to sections 440.10(1), 440.13(2)(a) and (b), and 440.25(1), Florida Statutes. This petition for writ of prohibition followed.
Petitioners argue that by statute and rule the Division of Workers' Compensation clearly has jurisdiction of this matter, relying on section 440.13(2)(i)1., Florida Statutes (Supp. 1990) and F.A.C.Rules 38F-7.506 and .507. Petitioners also place reliance on Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989); Long Grove Builders v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987); and Mt. Sinai Medical Center v. Samuels, 453 So.2d 81 (Fla. 1st DCA 1984).
Respondent Lovaas opposes the petition, arguing first that prohibition is an inappropriate remedy to obtain review of an order denying a motion to dismiss. Respondent also refers this court to Freshwater v. Troy Manufacturing Co., 11 F.A.L.R. 569 (Fla.Dept. of Labor and Employment Security 1988), an agency final order which adopted a DOAH hearing officer's recommendation that a Judge of Compensation Claims, rather than the Division, was the *11 appropriate forum for disposition of a similar claim.
First, we disagree with respondent that prohibition is unavailable. In fact, it is a proper vehicle to test a lower tribunal's rejection of a challenge to its subject matter jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977); Lamounette.
We also find that our decision must be controlled by the version of chapter 440, Florida Statutes, which was in effect at the time Dr. Lovaas filed his claim, which is that codified in the 1989 statutes. The revisions to chapter 440 which appear in the 1990 Supplement to Florida Statutes were enacted by chapter 90-201, Laws of Florida. This law became effective on July 1, 1990, several months after the claim was filed.
On the merits, we find that the question of the Division's jurisdiction is well-settled. Both the Mt. Sinai and Long Grove Builders decisions addressed the issue squarely and found that the Division of Workers' Compensation, rather than a Judge of Compensation Claims, is the proper forum for disposition of Dr. Lovaas' claim. The statutory authority for the agency's jurisdiction is section 440.13(4)(a), Florida Statutes (1989) and the pertinent rule appears at F.A.C. 38F-7.020 (incorporating by reference the Workers' Compensation Reimbursement Manual for Physician and Non-Physician Services).
This court and the lower tribunals are bound to follow Mt. Sinai and Long Grove Builders in the absence of contrary judicial authority. Accordingly, the agency's order in Freshwater is expressly disapproved.
The petition for writ of prohibition is granted with directions to the Judge of Compensation Claims to dismiss Dr. Lovaas' claim for lack of jurisdiction.
PETITION GRANTED.
SHIVERS, C.J., and SMITH and BARFIELD, JJ., concur.