583 So.2d 803 (1991)
Ronald CARSWELL, Appellant,
v.
BRODERICK CONSTRUCTION and State Farm Insurance Company, Appellees.
No. 90-3561.
District Court of Appeal of Florida, First District.
August 12, 1991.
G. Dennis Lynn, Jr., of Greene & Mastry, P.A., St. Petersburg, for appellant.
Nancy L. Cavey, St. Petersburg, for appellees.
BARFIELD, Judge.
In this workers' compensation appeal we review a decision of the Judge of Compensation Claims in which he dismissed on jurisdictional grounds a request for payment of medical benefits. The Judge of Compensation Claims took this action on his own motion, the employer/carrier having withdrawn any objection to jurisdiction.
The issue presented to this court is whether the judge of compensation claims has jurisdiction to determine the reasonableness and necessity of services provided by health care providers when the employer/carrier rejects the quantity of those services.
Employer/carrier received bills for hospital and doctor care exceeding $45,000. The employer/carrier's policy is to have any bill over $5,000 subject to a medical audit, and Eagle Medical Review Enterprise was assigned the file for such review. Eagle rendered its report and based on that report the adjuster determined that the number of days for the hospital stay and services rendered were excessive. In reliance on Eagle's report the employer/carrier paid approximately $28,000 of the accumulated bills. After hearing extensive argument on the issue of jurisdiction as well as the propriety of the medical care rendered, the Judge of Compensation Claims entered a final order concluding he did not have jurisdiction to determine the issue of "overutilization" and dismissed the claim with prejudice.
We affirm the dismissal by the Judge of Compensation Claims holding that the determination of unjustified treatment, hospitalization or office visits and excessive charges for medical care in a particular claimant's case must be made by the Division *804 of Workers' Compensation of the Department of Labor and Employment Security. The provisions of section 440.13, Florida Statutes (1991), dealing with the term "utilization review" and the reference to "overutilization" deal with the practices of a particular health care provider and give rise to deauthorization of that provider for treatment of any injured employees as well as denial of payment or requirement for reimbursement in a specific case.
It is not our purpose to differentiate between the Division and the Judge of Compensation Claims all of the various duties and responsibilities contemplated by section 440.13. The statute is no model of clarity, but in general the duties fall along two lines. The Judge of Compensation Claims assures that the injured claimant receives appropriate medical treatment, authorizes health care providers in disputes between the claimant and the employer/carrier, approves payment of medical bills presented in proper form and resolves conflicts between health care providers as to the medical status of the claimant. The Division establishes the fee schedule, determines compliance with the schedule, interprets procedures under the schedule and resolves disputes concerning gouging.
The issue in this case is excessive treatment, i.e., gouging.
AFFIRMED.
JOANOS, C.J., and SMITH, J., concur.