593 So.2d 1058 (1992)
Jerald A. WOLK, Appellant,
v.
JAYLEN HOMES, INC., Florida Home Builders Self Insurers Fund, Executive Risk Consultants, Inc., Appellees.
No. 91-462.
District Court of Appeal of Florida, First District.
January 2, 1992.
Rehearing Denied March 17, 1992.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellant.
William H. Lore, Joseph E. Smith, P.A., Orlando, for appellees.
JOANOS, Chief Judge.
The claimant in this workers' compensation case appeals an order of the judge of compensation claims dismissing his claim for benefits. The dismissal was based on the judge's finding that he lacked jurisdiction to hear the issues raised by appellant's claim. The question raised on appeal is whether the judge of compensation claims has jurisdiction to consider claims for medical benefits, when such benefits have been *1059 terminated due to an employer/carrier's determination of overutilization. We reverse.
The record reflects that claimant was injured on March 9, 1984, in the course of his employment with Jaylen Homes, Inc. Dr. LeSavage, chiropractor, was authorized to treat claimant from 1984 until December 1986, when the carrier deauthorized his care. The deauthorization was predicated on a chiropractic physician's opinion, after a review of the file, that chiropractic treatment could not be substantiated beyond 1986. In a letter dated January 30, 1990, employer/carrier offered alternative care. On March 2, 1990, claimant filed a claim for continued treatment by Dr. LeSavage, and for payment of past medical bills from the date of Dr. LeSavage's deauthorization. On the claim for benefits the question to be decided by the judge of compensation claims was stated as "whether the employer was entitled to deauthorize treatment by Dr. LeSavage."
The employer/carrier filed a motion to dismiss on grounds that the judge of compensation claims lacked subject matter jurisdiction to hear the issues raised by the claim for benefits. It was employer/carrier's theory that their medical consultant's opinion raised questions of overutilization. Claimant opposed the motion to dismiss, arguing that at that point, the proceedings involved a pure controversion of a claim for medical benefits. The judge found that due to the employer/self-insured's notice to claimant, and to Cloquet Chiropractic Clinic and Dr. LeSavage, of a finding of overutilization, he did not have subject matter jurisdiction to hear the claim.
The issue in this case falls within the purview of section 440.13, Florida Statutes, which provides in pertinent part:
(2)(a) ... the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require, ... The carrier shall not deauthorize a health care provider furnished by the employer to provide remedial treatment, care, and attendance, without the agreement of the employer, unless a judge of compensation claims determines that the deauthorization of the health care provider is in the best interests of the injured employee, or a determination has been made that the health care provider is overutilizing care. Overutilization review shall be by physicians licensed under the same licensing chapter as the physician reviewed. Overutilization of health care shall be a basis for deauthorizing such care without order of the judge of compensation claims, provided a determination has been made as provided in this section and alternate medical care has been offered by the employer or carrier.

.....
(4)(d)1. The division shall develop and implement, or contract with a qualified entity to develop and implement, utilization review of the services rendered by a health care provider or a physician, which services are paid for in whole or in part pursuant to this chapter. Utilization review shall be accomplished either by request from any interested party or upon the request of the division. Findings of overutilization shall include deauthorization of the care under review or denial of payment for services rendered in the future, or both. During the utilization review process, the care under review shall continue. Utilization review under this section shall be exempt from the provisions of chapter 120. (Emphasis supplied.)
Under the Act, it is the Division's duty to: (1) establish the fee schedule, (2) determine compliance of health care providers with that schedule, (3) interpret procedures under the schedule, and (4) resolve disputes concerning excessive treatment, i.e., gouging. It is the duty of the judge of compensation claims to: (1) assure that the claimant receives appropriate medical treatment, (2) authorize health care providers where there is a dispute between claimant and employer/carrier, (3) approve payment of medical bills presented in proper form, and (4) resolve conflicts between health care providers regarding a claimant's medical *1060 status. Carswell v. Broderick Construction, 583 So.2d 803, 804 (Fla.1st DCA 1991).
When a claimant has established a satisfactory physician-patient relationship with an authorized physician, employer/carrier may not deauthorize that physician without the claimant's prior agreement or without approval of a judge of compensation claims. Should the employer/carrier attempt to deauthorize without prior approval, good cause must be shown for such action. Stuckey v. Eagle Pest Control Co., Inc., 531 So.2d 350, 351 (Fla.1st DCA 1988); Cal Kovens Construction v. Lott, 473 So.2d 249, 253 (Fla.1st DCA 1985).
The issue presented by claimant in this case requires a determination by the judge of compensation claims regarding whether deauthorization is in the best interests of the claimant. Section 440.13(2)(a), Fla. Stat. (1989). Deauthorization without an order by the judge is proper only where overutilization is the basis for deauthorizing such care, and where a determination has been made in accordance with the overutilization review procedures outlined in the statute, and alternate medical care has been offered by the employer or carrier. Section 440.13(2)(a), Fla. Stat. (1989).
As justification for the unilateral deauthorization of the treating physician in this case, employer/carrier alleged overutilization, but failed to comply with the utilization review procedures prescribed by section 440.13(4)(d)1, Florida Statutes. In this regard, employer/carrier's reliance on Carswell, Atlantic Foundation v. Gurlacz, 582 So.2d 10 (Fla.1st DCA 1991), and Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989), is misplaced. Those cases involved resolution of disputes concerning the amount of medical bills submitted by medical providers, and allegations of gouging. The statute contemplates that such disputes are to be decided by the division. This case concerns authorization for treatment, a matter reserved to the judge of compensation claims. See Carswell, 583 So.2d at 804.
Accordingly, the order granting employer/carrier's motion to dismiss is reversed, and the cause is remanded for further proceedings.
ERVIN and BARFIELD, JJ., concur.