PER CURIAM.
Contrary to the contention of the PIP insurance carrier [Fortune Insurance Company], we conclude that the PIP insured [Joseph Figueroa] is legally responsible for the reasonable medical bills in this case, and, that, accordingly, he is entitled as the trial court found, to PIP coverage for such bills under his insurance policy with Fortune; we therefore affirm the orders under review.
We reject Fortune’s contention that there is no PIP coverage for such bills because Section 440.13(4)(a), Florida Statutes (1989) insulates Figueroa entirely from any further liability for such bills; plainly, the acceptance of Figueroa’s workers’ compensation benefits by the medical care providers in this case[1] in part payment for Figueroa’s medical bills herein did not, as urged, preclude such providers from pursuing Figueroa for the reasonable amount still due and owing on such bills. Compare Long Grove Builders, Inc. v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987). Indeed, we have held that a PIP carrier, as here, is required to make otherwise required medical payments under its policy with its PIP insured even though the PIP insured is also receiving workers’ compensation benefits; and that such payments are not restricted, as urged, to those prescribed by the workers’ compensation schedule, although the PIP carrier is entitled to a credit for workers’ compensation received in payment for covered medical expenses. Charter Oak Fire Ins. Co. v. Regalado, 339 So.2d 277 (Fla. 3d DCA 1976).
Affirmed.

. These providers were not under contract with the employer or the employer’s carrier to provide medical services to the insured herein.