WIGGINTON, Judge.
Napp-Deady Associates and Central Mutual Insurance Company (E/C) appeal from the order of the judge of compensation claims finding that he had jurisdiction to resolve a dispute arising from the E/C’s refusal to pay the total bill submitted by the claimant’s dentist for services rendered to claimant following an industrial injury, on the basis that it did not conform to the fee schedule. In light of our recent en banc decision in Terners of Miami Corp. and Atlas General v. M. Felix Freshwater and Luisa Valdez, 599 So.2d 674 (Fla. 1st DCA 1992), we hold that the JCC in the instant case lacked jurisdiction to resolve the issue.[1]
*229 In Terners of Miami, this court ruled that section 440.13(2)(i)1., Florida Statutes (Supp.1990), is procedural in nature and therefore applied in that case to deprive the JCC of jurisdiction, since the statute was in effect when the hearing was held.[2] Since section 440.13(2)(i)l. was in effect at the time of the hearing in the instant case, the JCC similarly lacked jurisdiction. Accordingly, as we did in Terners of Miami, we reverse the order under review and remand with directions to transfer the claim to the Division of Workers’ Compensation of the Department of Labor and Employment Security.
REVERSED and REMANDED, with directions.
SMITH and MINER, JJ., concur.

. We recognize that this case came before the JCC in a somewhat different posture than did the cause in Terriers of Miami, since the claimant here, and not the physician, sought reimbursement of the unpaid dental bills. In Long Grove Builders, Inc. v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987), we held that the claimant therein did not have standing "to bring the dispute over conformance of the medical bill to the fee schedule before the deputy commissioner for adjudication.” Id., at 477. Without deciding whether that portion of the Long Grove decision should have controlled the resolution of the dispute in the instant case, we note that the E/C did not argue this point before the JCC, but, instead, relied on the “dicta" in Long Grove holding that the remedy for this type of dispute lies within the administrative framework provided by then section 440.13(3)(a), Florida Stat *229 utes (now section 440.13(4)(a)), i.e., with the Division.

. Section 440.13(2)(i)l. states that "[t]he [D]ivision shall ... resolve reimbursement disputes based on criteria to be established by rule."