KAHN, Judge.
Dominic Imprescia challenges a workers’ compensation order denying him benefits. He contends that the judge of compensation claims (JCC) erred in denying his claims for permanent total disability benefits, attendant care and wage loss. He further asserts that the JCC erred in deau-thorizing his treating psychiatrist for future care and authorizing a different psychiatrist.
*540 We affirm the JCC’s denial of appellant’s claims for permanent total disability benefits, attendant care and wage loss based on competent, substantial evidence supporting the order. We also affirm the JCC’s choice of physicians based on competent substantial evidence supporting the order and appellant’s failure to establish an abuse of discretion by the JCC. Claimant’s assertion that the JCC erred in deauthoriz-ing his treating psychiatrist for future care and authorizing a different psychiatrist is without merit. Although the JCC found the past treatment of claimant’s psychiatrist, Dr. Meller, to be reasonable and necessary “to treat (claimant’s) injuries,” the JCC rejected Dr. Meller’s opinion as to appellant’s present ability to work and as to prognosis, finding that treatment by another psychiatrist, Dr. Zager, would be in claimant’s best interest. The fact that the JCC found Dr. Meller’s past treatment reasonable and necessary does not preclude him from finding another psychiatrist would better serve claimant’s interest in providing palliative care. Whether good cause appears for deauthorization of a physician and whether authorization of another physician was in claimant’s best interest are questions of fact to be decided by the JCC. Cal Kovens Constr. v. Lott, 473 So.2d 249, 254 (Fla. 1st DCA1985); Wolk v. Jaylen Homes, Inc., 593 So.2d 1058, 1059 (Fla. 1st DCA1992). Section 440.13(3), Florida Statutes (1989), provides, in part: “[A] judge of compensation claims may at any time, for good cause shown, in the judge of compensation claims’ discretion, order a change in such remedial attention, care, or attendance.” Where the claimant and the employer/carrier disagree as to the appropriate doctor, the JCC has the obligation to consider various qualifications of the two physicians, as well as the treatment and prognosis offered by the physicians. There is no reason why the JCC could not validly choose the physician who offered the more optimistic prognosis and provided the best hope for assisting claimant to return to productive work. If claimant becomes dissatisfied with Dr. Zager’s treatment, he is by no means precluded from seeking a future determination that deauthorization of Dr. Zager is indicated.
AFFIRMED.
ERVIN and SMITH, JJ., concur.