FARMER, Judge,
dissenting.
Plaintiff [secured party] seeks foreclosure of a security interest in certain gambling machines on board vessels sailing the high seas. Defendant [debtor] argues that only the courts of the United States have jurisdiction of this essentially maritime claim. The trial court denied a motion to dismiss on that ground, and the debtor now seeks a writ of prohibition. I think we should grant it.
It is difficult for me to take seriously the secured party’s contention that prohibition is not an appropriate remedy. It is now well established that prohibition is the proper vehicle to consider a contention that an inferior court lacks subject matter jurisdiction. Atlantic Foundation v. Gurlacz, 582 So.2d 10 (Fla. 1st DCA), rev. denied, 592 So.2d 681 (Fla.1991). If a United States District Court has exclusive jurisdiction over a certain class of claims, then it follows that a state court may lack subject matter jurisdiction to consider that claim.
The secured party entered into a security agreement with debtor and now seeks to foreclose its security interest, claiming that the debtor has defaulted. In the security agreement, the secured party agreed that it “shall not take possession of the Collateral in such a manner so as to interfere with the operation of any commercial passenger liners upon which such Collateral is situated.” The concession agreement between the debtor and the ship owner expressly gives the owner a lien on all of the gaming equipment on board the vessel and further provides that federal maritime law shall govern the lien to the exclusion of state law except as to the legality of gambling *733 operations. As the secured party has prayed for a foreclosure of all inferior liens and security interests, debtor argues that federal maritime law has been directly implicated by the secured party’s own pleading.
I think that the debtor has made a prima facie case for exclusive federal jurisdiction. The secured party argues that section 8 of the security agreement and paragraph 7 of the promissory note allow it to maintain the foreclosure action in state court. Section 8 says that the security agreement and the rights and obligations of the parties “shall be construed and interpreted in accordance with the laws of the State of Florida.” Paragraph 7 of the note says that “Bro-ward County, Florida is the proper venue for any and all legal proceedings arising out of this Note or the Loan Documents.” Neither provision, however, will bear the conclusion that secured party attributes to them.
Section 8 is nothing more than a choice of law provision. It does not purport to establish jurisdiction, even assuming contracting parties had the power to do so, in any particular court. It functions only to supply a rule of decision for the substantive rights of the parties. It cannot be misunderstood as a limitation as to which court should apply the substantive law agreed to by the parties.
At the same time, paragraph 7 is even less authority for state court jurisdiction. It merely provides an agreement as to venue. There is both a federal court and a state court of original jurisdiction in Bro-ward County, Florida. The provision does nothing to limit which of these two courts might have jurisdiction. It provides only that the action must be filed in Broward County in the court having jurisdiction.
Quite apart from the foregoing, it is beyond debate that contracting parties have no power to confer jurisdiction by their agreement on a court that otherwise lacks it. If Congress has decided that only the federal court should hear a certain class of cases, then under the supremacy clause of the United States Constitution, no state can provide to the contrary. For us to interpret the contractual provisions as urged by the secured party, we must necessarily construe our state’s law to allow contracting parties to avoid that federal exclusivity. We have no power to do so.
I think we should grant the writ and send the parties to the federal court they have impliedly chosen to settle their dispute.