SMITH, Judge.
This is an appeal of an order of the judge of compensation claims (JCC) denying bad faith attorney’s fees. We reverse.
The claimant was receiving chiropractic care which the employer/carrier (e/c) deau-thorized, without obtaining an order from the JCC, after receiving a report from a consulting chiropractor indicating that claimant no longer needed chiropractic card at the rate of three times per week. Under the statute in effect during this period, deauthorization without an order by the JCC was proper only where over-utilization was the basis for deauthorizing such care, and where a determination was made in accordance with the over-utilization review procedures outlined in § 440.13(4)(d)l., and alternate medical care was offered by the employer/carrier. Section 440.13(2)(a), Florida Statutes (1989); and Wolk v. Jaylen Homes, Inc., 593 So.2d 1058, 1060 (Fla. 1st DCA 1992). These circumstances were not present in this case. As the result of the unlawful deauthorization, claimant was forced to file a claim in order to obtain a resolution of the impasse.
The e/c subsequently learned, after taking the deposition of the consulting chiropractor, that claimant nevertheless could benefit from continued periodic chiropractic care, and the e/c authorized chiropractic *46 treatment by Dr. Pliss, later changed to Dr. Zack, after claimant’s request for a doctor closer to home. The JCC awarded payment of claimant’s chiropractic bills for the period after deauthorization and before the employer/carrier re-authorized chiropractic care, but thereafter denied bad faith attorney’s fees. The failure to award bad faith attorney’s fees was error.
This is not a situation, as characterized by the e/c, of the e/c reasonably relying on a medical opinion for the action taken. Instead, the statute in effect during the operative period placed upon the e/c the duty to obtain an order from the JCC before deau-thorizing care. Had the e/c complied with the statute, in all likelihood the consulting chiropractor’s deposition would have been taken before and in preparation for the hearing. The e/c would have realized the full import of claimant’s needed treatment and this controversy would have been settled without the need for a hearing, for a claim to be filed, or for an attorney to be hired.
REVERSED.
ERVIN and BARFIELD, JJ., concur.