MICKLE, Judge.
The Employer/Carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) making the E/C responsible for payment of 1) all outstanding medical bills of Claimant’s chiropractor, Dr. Frankl, plus statutory interest, for the period from August 15, 1988 to July 3, 1989; 2) taxable costs; and 3) a reasonable attorney’s fee to Claimant’s attorney. We affirm the award of payment of Claimant’s medical bills to Dr. Frankl (plus statutory interest) and taxable costs. We reverse the award of attorney’s fees, because this was not “a claim for medical benefits only,” so as to permit an award under section 440.34(3)(a), Florida Statutes (1987).
The E/C challenged the subject matter jurisdiction of the JCC and moved for dismissal, which motion was denied. In Carswell v. Broderick Construction, 583 So.2d 803 (Fla. 1st DCA 1991), we reviewed the provisions of section 440.13, Florida Statutes (1991), in an appeal following the JCC’s dismissal, on jurisdictional grounds, of a request for payment of medical benefits. We found the statute delineates the duties and responsibilities of the JCC and the Division of Workers’ Compensation (“Division”) as follows:
The Judge of Compensation Claims assures that the injured claimant receives appropriate medical treatment, authorizes health care providers in disputes between the claimant and the employer/carrier, approves payment of medical bills presented in proper form and resolves conflicts between health care providers as to the medical status of the claimant. The Division establishes the fee schedule, determines compliance with the schedule, interprets procedures under the schedule and resolves disputes concerning gouging.
Id. at 804; Wolk v. Jaylen Homes, Inc., 593 So.2d 1058, 1059-60 (Fla. 1st DCA 1992). Having determined the issue in Carswell was “excessive treatment, i.e., gouging,” we affirmed the JCC’s dismissal of the matter. 583 So.2d at 804. The 1991 version of section 440.13 is applicable to the case sub judice regarding the jurisdictional issue only. See Terriers of Miami Corp. v. Freshwater, 599 *513 So.2d 674, 675 (Fla. 1st DCA 1992) (en banc). We find the issues presented below lie within the JCC’s jurisdictional purview, so that denial of the E/C’s motion to dismiss was proper. See Chase v. Henkel & McCoy, 562 So.2d 831 (Fla. 1st DCA 1990) (JCC properly heard suit for payment of unauthorized chiropractic treatment later determined to be reasonable and necessary, and it was error to deny recovery for the treating chiropractor’s bills); Gust K. Newberg Construction Co. v. Warren, 449 So.2d 934 (Fla. 1st DCA 1984) (JCC authorized to consider issue involving payment for chiropractic services found to have been necessary after carrier’s notice of deau-thorization). Our decisions in Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989) (issue of overutilization of services) and Atlantic Foundation v. Gurlacz, 582 So.2d 10 (Fla. 1st DCA 1991) (reimbursement dispute), receded from on other grounds, Terners of Miami, 599 So.2d at 675, on which the E/C rely, are distinguishable.
The parties stipulated that Claimant, Samuel Widlan, sustained a compensable accident that injured his back on November 23, 1987. Dr. Frankl testified he had treated Claimant from August 15, 1988 through September 14, 1989, for a prior neck injury that was in no way related to the workers’ compensation injury. The JCC determined that Claimant’s health insurance carrier (Travelers Insurance Company) had made payments to Dr. Frankl for the neck injury, which were separate and apart from the billing for treatment of Claimant’s back injury at issue here. Pursuant to the law applicable at that time, the initial authorized physician, Dr. Sternberg, unilaterally referred Claimant to Dr. Frankl for treatment of the back injury. See Arnold Lumber Co. v. Harris, 503 So.2d 925, 926 (Fla. 1st DCA 1987).
On August 16, 1988, a day after Claimant initially went to see Dr. Frankl for back treatment, the chiropractor called Marty McCully, a representative of Employer (Westinghouse Electric), requesting authorization to continue treating Claimant. Authorization was denied, and the refusal to authorize was reiterated upon Dr. Frankl’s second call the same day. Claimant’s then attorney (Mr. Keyfetz) sent a letter to the claims representative (Marsha Christopher) on August 18, 1988, requesting alternative chiropractic care for Claimant. See Section 440-13(2)(b), Florida Statutes (1987). The next day, the E/C made an appointment for an independent medical evaluation (IME) with another chiropractor (Dr. Bosehowitz). Claimant continued instead to receive treatment from Dr. Frankl.
Dr. Frankl submitted his medical bills for treatment of Claimant’s back injury to the workers’ compensation Carrier (Gates McDonald & Company) but was not paid for those services. On November 14, 1988, the E/C mailed a notice to controvert to Dr. Frankl, alleging he was not authorized to provide treatment.
In Carswell, we noted it is the responsibility of the JCC to assure that an injured claimant receives appropriate medical treatment, to authorize health care providers in disputes between a claimant and an E/C, to approve payment of properly presented medical bills, and to resolve conflicts as to a claimant’s medical status. Those issues were presented in the case sub judice and invested jurisdiction with the JCC rather than with the Division. See Travelers Insurance Co. v. Sitko, 496 So.2d 920 (Fla. 1st DCA 1986) (because workers’ compensation is purely statutory creation, deputy commissioner’s power to hear and determine issues stems from statute). We find the following language from section 440.13(2)(b), Florida Statutes (1987), supports the JCC’s findings on the issue of payment of Dr. Frankl’s medical bills for treatment of Claimant’s back injury:
If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner. The employee shall not be entitled to recover any amount personally expended for such treatment or service unless he has requested the employer to furnish the same and the employer has failed, refused, or neglected to do so....
In this instance, competent substantial evidence in the record demonstrates the E/C *514 did not meet their statutory duty to offer alternative chiropractic care to be provided Claimant, for the period of August 15, 1988 and July 3, 1989. See Teimer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA 1988), rev. den., 539 So.2d 475 (Fla.1989); Colace v. Hamlet Estates, Ltd., 573 So.2d 994, 997 (Fla. 1st DCA 1991) (E/C’s repeated offer of IME, despite record evidence that claimant’s condition necessitated further treatment, did not constitute adequate offer of alternative treatment); Stines v. Winter Haven Hospital/Self-Insured, 548 So.2d 818 (Fla. 1st DCA 1989). Dr. Frankl testified the medical treatment rendered to Claimant’s back was reasonable and necessary, and the JCC so found. Bennett v. H & L Builders, Inc., 567 So.2d 33 (Fla. 1st DCA 1990) (if E/C fail to provide care or obtain ruling, they will be responsible for unauthorized treatment pursuant to section 440.13(2) if JCC finds treatment to be reasonable and necessary). Given these facts in the record, we affirm the award of payment of medical bills (plus statutory interest) resulting from Dr. Frankl’s treatment of Claimant’s back from August 15,1988 to July 3, 1989. Chase, 562 So.2d at 831.
An award of attorney’s fees must have a statutory basis or be based on an agreement between the parties. See Blackburn Home Improvements v. Lebel, 414 So.2d 12 (Fla. 1st DCA 1982). The statute on which the JCC based the award of Claimant’s attorney’s fees provides in pertinent part:
A claimant shall be responsible for the payment of his own attorney’s fees, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident; ...
Section 440.34(3)(a), Florida Statutes (1987). (Emphasis added.) In Clark v. Saralakes Estates, 482 So.2d 387 (Fla. 1st DCA 1985), the appellant had prevailed in proceedings in which he sought only medical benefits. At the time he sought those medical benefits, he had neither filed nor was entitled to file a claim for other benefits. Accordingly, we reversed the deputy commissioner’s denial of the appellant’s motion for attorney’s fees and remanded, pursuant to section 440.34(3)(a), for determination of a proper fee amount. Id. at 388.
One important basis for legislative authorization of attorney’s fees, in a claim for medical benefits only, is that “compensation benefits provide, at least to some extent, a fund from which such fees might be paid, while medical benefits result only in payments to third party medical care providers.” Gunn’s Quality Glass & Mirrors, Inc. v. Strode, 425 So.2d 73, 76 & n. 4 (Fla. 1st DCA 1982); State of Florida/Sunland Center v. Campbell, 451 So.2d 939 (Fla. 1st DCA 1984). The E/C aver this is not a “medical benefits only” claim, because Claimant himself has a claim for indemnity benefits and thus lies beyond the scope of claimants whom section 440.-34(3)(a) is designed to serve. We agree and must reverse the award of attorney’s fees.
The order requiring payment of medical bills is AFFIRMED, but the award of attorney’s fees is REVERSED.
BOOTH and KAHN, JJ., concur.