622 So.2d 1114 (1993)
Carol Marie JONES, Appellant,
v.
PETLAND ORLANDO S. and Safeco Insurance Co., Appellees.
No. 92-1208.
District Court of Appeal of Florida, First District.
August 10, 1993.
Herbert M. Hill, Orlando; Bill McCabe, Longwood, for appellant.
Melissa R. Dubina and Vivian M. Reeves of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellees.
KAHN, Judge.
Carol Marie Jones appeals the denial of her claim for medical benefits, alleging that the Judge of Compensation Claims (JCC) erred in finding that the use of Rogaine to treat her hair loss was experimental. We reverse.
On August 13, 1986, Ms. Jones suffered an injury when a water bottle fell and hit her on the head while she was cleaning a kennel. Since the accident, she has suffered from headaches, problems with her back and neck, and numbness in her right hand and arm. She has also experienced hair loss. Dr. Richard J. Lapp opined that Ms. Jones' hair loss resulted from psychological problems or as a side effect of medication prescribed after the accident. Dr. Lapp prescribed Rogaine to treat Ms. Jones' hair loss, but the employer/carrier (E/C) declined to pay for the prescription.
The prescription drug Rogaine is a brand of minoxidil topical solution. According to product labeling information in the record, research has not determined how minoxidil stimulates hair growth. Rogaine is used to treat persons with androgenetic alopecia. In males this condition results in baldness of the vertex of the scalp (male pattern baldness). In females the condition results in diffuse hair loss or thinning of the frontoparietal areas.
At the time the case came on for hearing, all parties mistakenly believed that Rogaine had not been approved to treat hair loss in women. At the commencement of the hearing, counsel for the E/C immediately contended that under section 440.13(1)(c), Florida Statutes (1985), Rogaine is an experimental drug. This section provides as follows:
`Medically necessary' means any service or supply used to identify or treat an illness or injury which is appropriate to the patient's diagnosis, consistent with the location of service and with the level of care provided. The service should be widely accepted by the practicing peer group, should be based on scientific criteria, and should be determined to be reasonably safe. The service may not be of an experimental, investigative, or research nature, except in those instances in which prior approval of the division has been obtained. The division shall promulgate rules providing for such approval on a case-by-case basis when the procedure is shown to have significant *1115 benefits to the recovery and well-being of the patient.
Counsel then stated that under this statutory definition the E/C does not have to pay for drugs of an experimental, investigative or research nature. At no time did the E/C refer claimant's request for Rogaine to the Division of Workers' Compensation.
After receiving testimony and evidence, the JCC continued the hearing to allow the parties to obtain new information from the Food and Drug Administration (FDA) concerning the use of Rogaine in women. The information obtained from the FDA indicated that Rogaine had been recently approved for the treatment of female androgenetic alopecia. Relying upon this information, the JCC determined "that the use of the prescription medication Rogaine, by the claimant, to treat hair loss as a result of the side effect of medication or depression, is experimental in nature." The JCC never addressed whether the use of Rogaine would be medically necessary under section 440.13(2)(a), Florida Statutes (1985), or whether Ms. Jones had established a causal relationship between the accident and the hair loss. Instead the JCC found:
Based on my ruling that the use of the prescription medication Rogaine in this instance is experimental, and therefore need not be reimbursed by the insurance carrier, I do not need to address the other issues raised by the claimant.
While the present case was on appeal, this court decided Arizona Chemical Corp. v. Hanlon, 605 So.2d 938 (Fla. 1st DCA 1992). In Arizona Chemical the claimant requested biodetoxification treatment to treat his injuries which resulted from exposure to toxic chemicals. At the hearing, the E/C defended the claim on the basis that the treatment was experimental. Section 440.13(1)(d), Fla. Stat. (1991).[1] The JCC granted the claimant's request for biodetoxification treatment and found that such treatment is not experimental. On appeal this court held that the E/C had waived the experimental treatment defense because it failed to follow Florida Administrative Code Rule 38F-7.021. This rule provides in part:
(3) The employer/carrier shall refer to the Division requests for any services, procedures, drugs, equipment and supplies which it has reason to believe should be considered as either experimental, investigative or of a research nature.[2] (e.s.)
"Thus, in failing to contest the experimental nature of the biodetoxification treatment until the claim came before the judge of compensation claims, the e/c waived the right to raise the issue in this proceeding. Cf. Wolk v. Jaylen Homes, Inc., 593 So.2d 1058 (Fla. 1st DCA 1992)". 605 So.2d at 941.
The JCC's denial of benefits on the basis that the use of Rogaine in this case is experimental must be reversed. In the instant case, the E/C never referred Ms. Jones' request to the Division as required by Florida Administrative Code Rule 38F-7.021. The holding in Arizona Chemical applies to this case and compels our conclusion that the experimental (or investigative) drug defense may not now be raised to bar Ms. Jones' claim for benefits. The E/C *1116 waived the defense by failing to timely follow the mandatory procedure of Rule 38F-7.021.
The E/C argue that the result reached by the JCC should nonetheless be affirmed. In support they posit that a binding determination of medical necessity has been made by the FDA's approval of Rogaine only for the treatment of androgenetic alopecia.[3] The E/C have not, however, pointed to case law or a statute that requires such deference to the FDA in a Florida workers' compensation matter.
The determination of medical necessity must be made by the JCC on the facts in a given case, not by the FDA. § 440.13(2)(a), Fla. Stat. (1985). "FDA approved indications were not intended to limit or interfere with the practice of medicine nor to preclude physicians from using their best judgment in the interest of the patient." Weaver v. Reagen, 886 F.2d 194, 198 (8th Cir.1989). "Once a product has been approved for marketing, a physician may prescribe it for uses or in treatment regimens or patient populations that are not included in approved labeling... . `Use of Approved Drugs for Unlabeled Indications,' 12 FDA Drug Bulletin 4 (April 1982)." Id.
Accordingly, we remand this case to the JCC for a hearing on the issues of medical necessity and causation. The JCC may allow further evidence. We also vacate the denial of attorney's fees and costs, and direct the JCC to reconsider these matters on remand. Section 440.34(3)(a), Fla. Stat.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] This statute is the same as section 440.13(1)(c), Florida Statutes (1985).
[2] The procedure to be employed under the rule is the same no matter whether the treatment is experimental, investigative or of a research nature. Although not dispositive to the issue before the court, we note that the parties and the JCC have mistakenly characterized the use of Rogaine in the present case as experimental. Under the rule an experimental drug is one as to which "the safety and efficacy ... is not proven." Fla. Admin. Code R. 38F-7.021(2)(b). An investigative drug, on the other hand, is a drug "which has been found potentially safe and efficacious for some medical applications ..." but has not been conclusively demonstrated as reliable, valid, efficacious, and cost beneficial "for use in treating ... the injury or illness being covered under workers' compensation medical benefits." Fla. Admin. Code R. 38F-7.021(2)(c). Rogaine has been, according to the evidence in the record, demonstrated as efficacious in the treatment of certain types of hair loss, and thus is not an experimental drug. Assuming that Rogaine would nonetheless be included under the category of investigative drugs, Rule 38F-7.021(2)(c), the procedure required to be followed by the E/C would not be altered.
[3] In our view, the record, largely developed before the parties found out about FDA approval of Rogaine for women, is incomplete on the question of whether claimant's hair loss may be characterized as androgenetic alopecia.