En Banc

NESBITT, Judge.
Steven Baker was seriously injured when a tire exploded in his face during the course of his employment. A third party’s negligence caused the accident. Dr. M. Felix Freshwater treated Baker for his injuries. Part of the cost of Dr. Freshwater’s medical treatment was paid by Baker’s workers’ compensation carrier per the workers’ compensation fee schedule. This accounted for less than one-third of the amount Dr. Freshwater had billed for his services. Baker settled with the third party tortfeasor for $300,000. Baker never paid the balance of his medical bill to Dr. Freshwater, and Freshwater filed the underlying action against him, seeking payment for the medical expenses charged in excess of the workers’ compensation fee schedule. The trial court entered summary judgment for Baker. This appeal followed.
The primary issue in this case is whether the workers’ compensation law insulates an injured worker from liability for medical expenses in excess of the worker’s compensation fee schedule when that worker has also recovered in tort from a third party tortfeasor. The panel found that the decision of the Fourth District in Sun Bank/South Florida, N.A. v. Baker, 632 So.2d 669 (Fla. 4th DCA 1994), correctly decided the law on this issue — that is, that the worker in such a situation is insulated from liability. On its own initiative, the Court considered the instant ease en banc and hereby adopts, in all respects, the 4th DCA’s well-reasoned Sun Bank decision. Therefore, we affirm the summary judgment for the injured worker, Steven Baker.
The Sun Bank case also involved a health care provider’s suit to recover payment for medical treatment from an injured worker, covered by workers’ compensation, who had received a settlement award from a third party tortfeasor. As in the instant case, the health care provider had received partial reimbursement of its expenses from the workers’ compensation carrier, but its “customary fee” for the medical services it had provided was higher than that in the fee schedule. See Sun Bank, 632 So.2d at 670. The health care provider sued the worker (also, coinci-dently, named Baker) for the difference.
The Fourth District held that the health care provider was precluded from recovering the excess medical fees from the worker. See id. at 673. The Court’s rationale was based primarily on a thorough review of the legislative history of the Workers’ Compensation Law. See id. at 670-72. In our view, the Fourth District correctly interpreted both the legislative history and the plain language of the statute. It seems clear that, *939 as Sun Bank recognized, “the evolution of section 440.13(3) in the context of the system established by chapter 440 ... [bars] [the health care provider] from suing [the injured worker].” Id. at 672.
Dr. Freshwater also asserted that Baker was personally liable for his medical expenses in excess of the fee schedule amount because of (1) a September 14, 1993, demand letter to the third party tortfeasor which included the entire amount of Freshwater’s bill; and/or (2) an August 18, 1993, letter from Baker’s counsel to Freshwater stating that “in the event that money is obtained, thru settlement and/or judgment ... you [Freshwater] may be assured that sufficient funds will be retained ... in order to satisfy any outstanding obligation on Steven Baker’s account.”
We disagree that either of these letters established personal liability on the part of Baker. First, it appears from the record that Baker’s settlement with the tortfeasor was for a lump sum $300,000 amount, without specifying a certain portion for medical expenses. Baker’s counsel indicated that the $300,000 settlement could not have included and did not include the medical expenses, as this would have been an improper “windfall” for Baker. In any event, we do not believe it would matter even if the settlement had specified an amount for medical expenses. Based upon the two facets of the Sun Bank decision — (1) the health care provider may not recover a fee in excess of the fee schedule amount and (2) the health care provider may not recover directly from the worker— Freshwater cannot recover the excess amount of his bill from Baker. These propositions would also prevent Freshwater from recovering from Baker based upon the August 18 letter.[1]
For the reasons stated above, we affirm the summary judgment for Mr. Baker, and recede from our opinion in Fortune Insurance Co. v. Figueroa, 597 So.2d 435 (Fla. 3d DCA 1992).
Affirmed.

. Sun Bank involved a similar issue. The health care provider claimed that because the injured worker had signed an agreement promising to pay whatever workers’ compensation and/or insurance did not pay, the worker was obligated to pay the excess medical expenses. The Fourth District disagreed and would not hold the worker to the signed agreement, stating:
A health care provider may not accept payments under the [Workers' Compensation] Act and also seek to avoid the statutory limits by contracting for a higher fee with the worker. To the extent it sought compensation in excess of the fee schedule, [the health care provider's] contract contravened section 440.13 and was void.
Sun Bank, 632 So.2d at 673.