WENTWORTH, Judge.
Appellant seeks review of a workers’ compensation order by which a doctor’s claim for payment of a medical bill was denied. Appellant is an injured worker’s treating physician who filed an independent claim requesting payment for his services. The deputy commissioner declined to consider the merits of appellant’s claim, indicating that a determination must first be made as to the compensability of the worker’s injury. We reverse the order appealed.
At the time of the hearing the injured worker was incarcerated and did not have a pending claim. The compensability of the worker’s injury had not been accepted by employer/carrier or determined in a proceeding before a deputy commissioner. Appellant’s independent claim for payment for his medical services was predicated *234 upon an assertion that the doctor had treated the worker upon specific authorization from the carrier.
Appellant is empowered to make an independent claim by section 440.10(1), Florida Statutes. See Rubich v. Burdines and Liberty Mutual Insurance Co., 417 So.2d 284 (Fla. 1st DCA 1982). Such an independent claim does not always require that the injured worker be entitled to compensation. See Rubich, supra; B & B Cash Grocery v. Grisson, 8 FCR 23 (April 6, 1973), cert. denied 287 So.2d 686 (Fla.1973). In the present case appellant’s entitlement to payment is not dependent upon the compensa-bility of the worker’s injury since appellant is seeking payment under a theory of express authorization. The deputy therefore should have considered the merits of appellant’s claim.
The order appealed is reversed and the cause remanded.
MILLS and BARFIELD, JJ., concur.