599 So.2d 674 (1992)
TERNERS OF MIAMI CORP. and Atlas General, Appellants,
v.
M. Felix FRESHWATER and Luisa Valdez, Appellees.
No. 91-632.
District Court of Appeal of Florida, First District.
May 5, 1992.
Charles E. Kelley and Sylvia A. Krainin of Adams, Kelley, Kronenberg & Kelley, Miami Lakes, for appellants.
Peter S. Schwedock, Miami, for appellees.
En Banc.
WEBSTER, Judge.
In this workers' compensation appeal, Terners of Miami Corp. and Atlas General (the employer and carrier, respectively) seek review of an order of the judge of compensation claims. That order resolved a dispute between the employer and carrier and Dr. M. Felix Freshwater (an authorized physician who had treated the claimant), regarding the amount that Dr. Freshwater was to be paid for his services, in favor of Dr. Freshwater. The employer and carrier argue that the judge of compensation claims lacked jurisdiction to hear and to decide the dispute; and, in the alternative, that certain findings of fact are not supported by competent substantial evidence, and that the judge of compensation claims erroneously failed to consider certain evidence and testimony. Because we agree that the judge of compensation claims lacked jurisdiction to hear and to decide the dispute, we reverse.
The employer and carrier argue that jurisdiction to hear and to decide the dispute regarding the amount that Dr. Freshwater was to be paid for his services is vested in the Division of Workers' Compensation of the Department of Labor and Employment Security (Division). They base their argument upon Section 440.13(2)(i)1., Florida Statutes (Supp. 1990), which states that "[t]he [D]ivision shall ... resolve reimbursement disputes based on criteria to be established by rule." Dr. Freshwater argues that Section 440.13(2)(i)1. does not apply to this dispute because he filed his claim with the judge of compensation claims in February 1989, and *675 Section 440.13(2)(i)1. was not enacted until July 1, 1990. The employer and carrier respond that, while this is true, Section 440.13(2)(i)1. nevertheless applies to this dispute because it constituted a procedural, rather than a substantive, change in the law; and because Section 440.13(2)(i)1. became effective before the hearing was held before the judge of compensation claims on Dr. Freshwater's claim. We agree with the employer and carrier.
"While the substantive rights of the parties in a workers' compensation case are determined by the law in effect at the time of the claimant's injury, this rule does not apply to procedural enactments." City of Clermont v. Rumph, 450 So.2d 573, 575 (Fla. 1st DCA), review denied, 458 So.2d 271 (Fla. 1984). In our opinion, Section 440.13(2)(i)1. does nothing more than specify the forum in which claims such as that which is the subject of this appeal shall be heard. Accordingly, it has no effect upon substantive rights and, therefore, is merely procedural. See Sullivan v. Mayo, 121 So.2d 424 (Fla. 1960) (forum in which review may be had is a procedural matter, not a substantive right).
Section 440.13(2)(i)1. became effective on July 1, 1990. Ch. 90-201, §§ 18, 121, Laws of Fla. Although Dr. Freshwater filed his claim in February 1989, it was not heard by the judge of compensation claims until October 1990. Because Section 440.13(2)(i)1. was in effect when the hearing was held, the judge of compensation claims lacked jurisdiction to hear Dr. Freshwater's claim, and should have transferred it to the Division. The failure of the judge to do so constituted reversible error.
We recognize that there is language in our prior decision in Atlantic Foundation v. Gurlacz, 582 So.2d 10 (Fla. 1st DCA 1991), which may be read as concluding that Section 440.13(2)(i)1., Florida Statutes (Supp. 1990), is substantive, rather than merely procedural, in its effect. To the extent that Gurlacz may be read as standing for such a conclusion, we expressly recede from that decision.
Based upon the foregoing analysis, the order of the judge of compensation claims is reversed, and the matter is remanded with directions to transfer Dr. Freshwater's claim to the Division.
REVERSED and REMANDED, with directions.
JOANOS, C.J., BOOTH, SMITH, SHIVERS, WIGGINTON, ZEHMER, BARFIELD, MINER, ALLEN, WOLF and KAHN, JJ., concur.
ERVIN, J., concurs with written opinion.
ERVIN, Judge, concurring.
Although I concur with the majority's decision that the Division of Workers' Compensation has jurisdiction to decide disputes regarding the appropriateness of the amounts of medical fees submitted by authorized physicians, I do not consider it necessary to decide the issue based upon a substantive/procedural analysis, because in my judgment the Division has had, and continues to have, jurisdiction over such disputes since July 1, 1978, the effective date of Chapter 78-300, Section 4, Laws of Florida, amending Section 440.13, Florida Statutes (1977), or no later than August 1, 1979, the effective date of Chapter 79-312, Section 7, Laws of Florida. An agency's powers are, of course, measured and limited by those powers legislatively delegated to them, either expressly or reasonably implied therefrom. Florida Dep't of Corrections v. Provin, 515 So.2d 302 (Fla. 1st DCA 1987); Hall v. Career Serv. Comm'n, 478 So.2d 1111 (Fla. 1st DCA 1985).
Chapter 78-300, section 4, incorporated in both the 1989 and 1991 versions of section 440.13,[1] empowered the Division
to investigate hospitals and medical practitioners to determine if they are in compliance with the schedule of charges adopted by the division or if they are requiring unjustified treatment, hospitalization, or office visits. If the division finds that the hospital or medical practitioner has made such excessive charges or required such treatment, hospitalization, or visits, the hospital or *676 medical practitioner shall not receive payment under this chapter from a carrier, employer, or employee for the excessive fees or unjustified treatment, hospitalization, or visits and, furthermore, the hospital or medical practitioner shall be liable to return to the carrier or selfinsurer any such fees or charges already collected.
(Emphasis added.)
During the 1979 session, the legislature conferred additional powers on the Division in section 440.13(3)(d)(5), in the event it determined that a health care provider improperly overutilized, rendered or ordered inappropriate medical treatment, or charged inappropriate fees, to
require such health-care provider to repay the amount which was paid for the rendering or ordering of such treatment or services. In addition, the division shall provide the licensing board of the health-care provider with full documentation of such determination. Any such determination by the division shall be reviewable in accordance with the provisions of ss. 120.57 and 120.68, upon written notice submitted by the health-care provider within 30 days of such determination.
Ch. 79-40, § 8, Laws of Fla. The above subsection was, during the same legislative session, amended to read:
If it is determined that a health-care provider improperly overutilized or otherwise rendered or ordered inappropriate medical treatment or services, or that the cost of such treatment or services was inappropriate, the division may order the health-care provider to show cause why he should not be required require such health care provider to repay the amount which was paid for the rendering or ordering of such treatment or services and shall inform him of his right to a hearing under the provisions of s. 120.57. If a hearing is not requested within 30 days of receipt of the order and the division director decides to proceed with the matter, a hearing shall be conducted, a prima facie case established, and a final order issued. If the final order, including judicial review if the order is appealed, is adverse to the health-care provider[,] ... the division shall provide the licensing board of the health-care provider with full documentation of such determination.
Ch. 79-312, § 7, Laws of Fla. (Underlined language added; crossed-out language deleted.) These provisions are also incorporated in the 1989 and 1991 versions of section 440.13.[2] The Division moreover has had exclusive jurisdiction to conduct such 120.57 proceedings since 1977, in that Section 440.021, Florida Statutes, expressly exempts workers' compensation adjudications entered by judges of compensation claims from the provisions of chapter 120.
It appears to me that the legislature intended to repose jurisdiction solely in the Division to resolve disputes regarding costs of medical services, as part of an overall cost-containment program. The legislative purpose behind the enactment of the amendments to section 440.13  to reduce spiraling health care costs  is clearly reflected in the following article by W.E. Sadowski, J. Herzog, R.T. Butler, and R.L. Gokel, The 1979 Florida Workers' Compensation Reform: Back to Basics, 7 Fla. St.U.L.Rev. 641, 658-659 (1979):
Hospitals and doctors received $126,474,207 from workers' compensation cases in 1978. This accounted for 44% of all benefits paid by carriers and selfinsurers. A study of claims closed in 1977 in Florida, Wisconsin, and Alabama showed that of these three states, Florida had the highest percentage of medical specialist involvement, greatest extent of hospital confinement, highest average hospital bill, and highest level of medical practitioner involvement. Consideration of these factors led to two important health care cost containment provisions. The main provision relating to health care cost containment in the new law is the medical utilization and peer review requirement. This provision instructs the Division to develop and implement, or to contract with a qualified entity to develop and implement, utilization *677 review of health care services rendered in workers' compensation cases. This review includes the appropriateness of both the level and quality of the services. Instances of possible inappropriate utilization are referred to the Division. The Division then determines whether the information referred to it warrants further study by the peer review committee. Peer review is provided by a private nonprofit medical foundation under contract with the Division. The peer review committee must submit a report and recommendations to the Division. If it is determined that a health care provider improperly overutilized or otherwise rendered or ordered inappropriate medical treatment or services, or that the cost of such treatment or services was inappropriate, the Division may order the health care provider to show cause why it should not be required to repay the amount paid for such treatment or services. It is only at this point that the right to an administrative hearing under section 120.57, Florida Statutes, arises. The procedures, reports and recommendations of utilization review and peer review are not subject to the provisions of chapter 120.
(Emphasis added.) (Footnotes omitted.)
I recognize that Section 440.13(3)(c), Florida Statutes (1989), conferring on the Division the authority to make a finding that a health care provider has made excessive charges, does not contain an explicit provision, as does Section 440.13(3)(d)(4), Florida Statutes (1989), permitting a 120.57 hearing for the purpose of considering whether a physician, inter alia, was wrongly reimbursed for inappropriate medical treatment and services and should repay such amount. The absence of a 120.57 remedy in the former subsection does not, however, compel the conclusion  if the majority has so concluded  that the Division did not have jurisdiction until 1990 to determine in a quasi-judicial setting whether a physician should be paid for an excessive charge, when Section 440.13(2)(i)(1), Florida Statutes (Supp. 1990), was enacted, authorizing the Division to "resolve reimbursement disputes based on criteria to be established by rule."
In my judgment, the provisions of section 440.13(3)(c), pertaining to excessive charges, and of section 440.13(3)(d)(4), relating to overpayments, should be considered in pari materia and read together. Such a construction is simply a judicial recognition that statutes which relate to a closely allied subject should be construed together and compared with each other,[3] and that it is the courts' obligation to adopt a construction of a statutory provision which harmonizes with other provisions essential for carrying out the apparent legislative intent.[4]
Construing the above two statutes in this manner simply means that any time following their enactment a dispute has arisen over whether a health care provider has been overpaid or submitted an excessive charge, an administrative remedy has been fully available under the auspices of chapter 120. Such a construction would, moreover, be altogether consistent with the legislative intent to confer broad powers on the Division to contain excessive charges, overutilization of medical services, and inappropriate treatment. Accordingly, the simple answer to the jurisdictional question is that, in furtherance of the powers expressly delegated the Division under subsection (3)(c), the Division was and remains the only forum in which all such disputed issues of material fact would be litigated.
In my judgment the Division has had jurisdiction both before and after the 1990 amendments to consider whether medical charges submitted are excessive, and it is therefore unnecessary to decide whether Section 440.13(2)(i)(1), Florida Statutes (Supp. 1990), represents a procedural rather than a substantive change in the law.
NOTES
[1] § 440.13(3)(c), Fla. Stat. (1989), and § 440.13(4)(h), Fla. Stat. (1991).
[2] § 440.13(3)(d)(4), Fla. Stat. (1989), and § 440.13(4)(i)(4), Fla. Stat. (1991).
[3] Markham v. Blount, 175 So.2d 526 (Fla. 1965); A.B. Taff & Sons v. Clark, 110 So.2d 428 (Fla. 1st DCA 1959).
[4] Agrico Chem. Co. v. Dep't of Env't Reg., 365 So.2d 759 (Fla. 1st DCA 1978), cert denied, 376 So.2d 74 (Fla. 1979).