650 So.2d 1114 (1995)
Emerson WILLIAMS, Appellant,
v.
TRIPLE J ENTERPRISES and Erc, Inc., Appellees.
No. 94-1351.
District Court of Appeal of Florida, First District.
February 24, 1995.
*1115 Brett K. Findler of Findler & Findler, P.A., and Randy D. Ellison, West Palm Beach, for appellant.
Kennie L. Edwards of Danielson, Clarke, Pumpian & Ford, P.A., West Palm Beach, for appellees.
DAVIS, Judge.
Emerson Williams appeals an order of the Judge of Compensation Claims (JCC) denying his claim for reimbursement for the cost of prescriptions ordered by his authorized treating physician. The denial is based upon a determination by the JCC that she lacked jurisdiction due to an ongoing overutilization review instigated by the employer and servicing agent (E/SA). We hold that the JCC erred in concluding that she lacked jurisdiction and reverse.
Mr. Williams was injured while acting in the course and scope of his employment on April 5, 1983, when he fell off a roof. There is no dispute over the fact that his physical injuries were compensable, as well as the emotional problems associated with his physical injuries. The parties stipulated that Mr. Williams reached maximum medical improvement (MMI) in January 1985. However, he has continued to receive care from a series of authorized psychiatrists, most recently Dr. Cunningham. Dr. Cunningham testified that he began treating Mr. Williams on February 5, 1990. Mr. Williams' treatment plan for approximately four years before the hearing below included nine different medications, costing approximately $626 a month. The employer and servicing agent initiated an overutilization review of claimant's prescriptions some time in 1993, although the exact date is not apparent from the record. As a part of the overutilization review process, Dr. Robert Mignone, a board certified psychiatrist, conducted a records review in June 1993, followed by an independent medical examination of the claimant and opined that the claimant was malingering, or faking his disorder. Thereafter the e/sa disallowed claimant's prescriptions but did not undertake to deauthorize the claimant's treating psychiatrist, Dr. Lowell Cunningham. In order to continue obtaining the prescriptions of his authorized treating psychiatrist, Mr. Williams had personally incurred expenses of approximately $1700 (using funds borrowed from his daughter) as of the time of the hearing.
Mr. Williams filed a claim seeking reimbursement for the cost of the prescriptions ordered by Dr. Cunningham. Although Mr. Williams asserts that this claim encompassed a request for payment of future prescriptions as well as reimbursement for the prescriptions already purchased, it is not possible to tell from the record on appeal whether the question of future prescriptions was presented to the JCC. The JCC did not rule on the claimant's entitlement to the prescriptions in the future. As to the request for reimbursement for the previously purchased prescriptions, she ruled:
The issue of the past prescriptions issued by Dr. Cunningham is one that is problematical for the undersigned. Based upon the testimony of that physician and the Claimant, he is clearly taking a large number of medications which Dr. Mignone believes are not indicated. The matter is or has been the subject of utilization review on the reasonableness and necessity of the prescriptions and accordingly the undersigned is without jurisdiction to resolve this dispute. Matters of utilization review and reimbursement pursuant to the medical and surgical fee schedule are solely within the province of the Division of Workers' Compensation. Accordingly, the provider (in this case Dr. Cunningham) would need to pursue any avenue that is *1116 available to him through the utilization review process as opposed to having this matter determined by the undersigned.
The JCC erred in characterizing this claim as a "matter of utilization review" and in declining to exercise jurisdiction over the claim presented to her. Once Mr. Williams filed his claim for reimbursement of these prescriptions and the e/sa defended against that claim based upon the contention that the medications were unnecessary, the medical necessity of that care was placed in issue before the JCC and should have been resolved by her. Carswell v. Broderick Construction, 583 So.2d 803, 804 (Fla. 1st DCA 1991) (the JCC "assures that the injured claimant receives appropriate medical treatment, authorizes health care providers in disputes between the claimant and the employer/carrier, approves payment of medical bills presented in proper form, and resolves conflicts between health care providers as to the medical status of the claimant... ."). In Carswell v. Broderick Construction this court held that the JCC lacked jurisdiction over a dispute between a physician and a carrier concerning the amount of the doctor's bills.
The present case is more similar to, and is governed by, Wolk v. Jaylen Homes, Inc., 593 So.2d 1058 (Fla. 1st DCA 1992), in which this court held that the JCC had jurisdiction to resolve the issue of the medical necessity of care that the carrier had unilaterally deauthorized during the pendency of a utilization review. The e/sa in the instant case unilaterally disallowed Mr. Williams' entire course of drug therapy by refusing further payment for his prescriptions. It is immaterial that the e/sa did not actually deauthorize the treating physician because these actions amounted to a de facto deauthorization of the doctor. By taking this action, the e/sa placed Mr. Williams in the untenable position of being required to choose between following his authorized treating physician's advice with regard to the need for prescribed medicines or obeying the dictates of the e/sa and discontinuing his medications. The e/sa may not interfere in this way in an established physician/patient relationship. See, e.g., Cal Kovens Construction v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985). It is the responsibility of the Judge of Compensation Claims to prevent such an injustice, and it is indisputable that she had the jurisdiction to do so.
This case did not involve a "reimbursement" issue, as that word is used in the portion of the workers' compensation statutes concerning utilization review. The type of "reimbursement" issues to be resolved by the utilization review process are reimbursement of the health care provider for services rendered, and repayment by the health care provider to the carrier for services improperly or unnecessarily rendered. See e.g., Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989); § 440.13(4)(a), Fla. Stat. (1989) ("Reimbursement for all fees and other charges for such treatment, care, and attendance, including treatment, care, and attendance provided by any hospital or other health care provider shall not exceed the amounts provided by the schedules of maximum reimbursement allowances ... an individual health care provider or hospital shall be reimbursed either his usual charge for treatment, care and attendance or the maximum reimbursement allowance ..."); § 440.13(4)(c), Fla. Stat. (1989) ("The Division of Workers' Compensation of the Department of Labor and Employment Security is empowered to investigate health care providers and health care facilities to determine if they are in compliance ... or if they are requiring unjustified treatment, hospitalization, or office visits. If the division finds that a health care provider or health care facility has made such excessive charges or required such treatment, services, hospitalization, or visits, the health care provider or health care facility may not receive payment under this chapter ... furthermore, the health care provider or health care facility is liable to return to the carrier or self-insurer any such fees or charges already collected."); § 440.13(4)(d)4., Fla. Stat. (1989) ("If it is determined that a physician improperly overutilized, or otherwise rendered or ordered, inappropriate medical treatment or services, or that the reimbursement for such treatment or services was inappropriate, the division may order the physician to show cause why he should not be required to repay the amount which was paid for the rendering or ordering of such treatment or services ..."); Fla. Admin. Code R. 38F-7.515 (purpose of Disputed Reimbursement Rule is to resolve *1117 disputes between providers and reimbursement sources). Mr. Williams' claim for reimbursement for the cost of his prescriptions was not an issue of reimbursement which was part of the utilization review process; Mr. Williams does not even have standing to participate in the utilization review process. Cf. Long Grove Builders, Inc. v. Haun, 508 So.2d 476, 477 (Fla. 1st DCA 1987) (injured worker insulated from all liability for services rendered in the workers' compensation program; therefore, injured worker lacked standing in proceeding before deputy commissioner regarding whether the physician's bill conformed with the fee schedule).
The e/sa were statutorily authorized to initiate utilization review; however, the e/sa were obligated to continue providing the prescribed care to Mr. Williams during the pendency of that review. § 440.13(4)(d)1., Fla. Stat. (1989) ("During the utilization review process, the care under review shall continue... ."). The action of this employer and servicing agent in unilaterally terminating payment for prescriptions ordered by the claimant's authorized treating physician is contrary to both the letter and the spirit of the Worker's Compensation statutes. Only upon completion of the utilization review process could the e/sa establish the lack of medical necessity for the care in dispute, so the e/sa were not entitled to unilaterally discontinue such care based upon another doctor's opinion that overutilization was taking place. See Wolk v. Jaylen Homes, Inc., 593 So.2d 1058 (Fla. 1st DCA 1992) (where carrier unilaterally deauthorized medical care after concluding there had been overutilization, but failed to comply with the overutilization review procedures outlined in the statutes, the JCC erred in ruling that he lacked jurisdiction to consider the claim for past medical care).
For these reasons, this case is REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER, C.J., and WENTWORTH, Senior Judge, concur.