664 So.2d 288 (1995)
Edison M. FURTICK, Jr., Appellant,
v.
WILLIAM SHULTS CONTRACTOR and Executive Risk Consultants, Inc., Appellees.
No. 94-51.
District Court of Appeal of Florida, First District.
November 16, 1995.
Rehearing Denied December 21, 1995.
*289 Tari Rossitto-Van Winkle, Tallahassee, for Appellant.
Gregory B. Lower of Cole, Stone & Stoudemire, P.A., Jacksonville, for Appellees.
PER CURIAM.
The claimant appeals a workers' compensation order by which the judge dismissed a claim for payment of past medical bills,[1] finding that the dispute involved a question of overutilization within the exclusive jurisdiction of the Division of Workers' Compensation (the division). Because we agree that the claimant's out-of-state doctor is subject to utilization review procedures under the Florida Workers' Compensation Law, and that the issues as presented otherwise addressed matters within the scope of the utilization review process, we conclude that the judge properly determined that he lacked jurisdiction.
*290 The claimant sustained an industrial injury which was accepted as compensable under the Florida Workers' Compensation Law. The employer furnished medical care through a series of providers, including an out-of-state doctor. The employer's servicing agent conducted a utilization review of this doctor's care, and subsequently disallowed reimbursement for certain billings by referencing the requirement in the division's Reimbursement Manual that such services be medically necessary. The claimant thereafter proceeded to a hearing before the judge of compensation claims, seeking to compel payment for the services for which reimbursement had been disallowed.
In accordance with section 440.13(4)(i)3, Florida Statutes (1993), the doctor's care was subject to the utilization review process in section 440.13. The statute addresses two levels of utilization review, as such review may be conducted by either an employer/carrier or the division. See § 440.13(2)(i); § 440.13(2)(j)1, Fla. Stat. (1993). While the division may initiate its own review and is independently empowered to investigate health care providers and facilities pursuant to section 440.13(4)(h), Florida Statutes (1993), it also entertains proper requests for utilization review. § 440.13(2)(j)1; § 440.13(4)(i)1, Fla. Stat. (1993). This process encompasses reimbursement disputes as referenced in section 440.13(2)(j)1 and 2. See Fla. Admin. Code R. 38F-7.507(1)(c). If such disputes remain unresolved after an employer/carrier's in-house review, they may be submitted for further review by the division. See Fla. Admin. Code R. 38F-7.518.
Consistent with section 440.13(4)(i)1 and 2, Florida Statutes (1993), utilization review (in both the concurrent and retrospective mode) pertains only in connection with care which has been authorized, as when the employer/carrier has paid or incurred an obligation to pay for the doctor's services. Because section 440.13(3), Florida Statutes (1993), insulates the claimant from liability in such circumstances, the health care provider (or facility) and the employer/carrier are the parties with the legal interest affected by utilization review. See Long Grove Builders v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987). Reimbursement disputes within the scope of utilization review must thus be pursued as between the provider (or facility) and the employer/carrier in the administrative forum, and such matters may not be pursued before the judge of compensation claims. Terners of Miami v. Freshwater, 599 So.2d 674 (Fla. 1st DCA 1992); Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989); Long Grove. An employer/carrier may deauthorize a provider's care[2] upon a determination of overutilization after in-house review, see section 440.13(2)(c), Florida Statutes (1993), but such a determination remains subject to the division's oversight if the provider requests subsequent review by the division. The judge of compensation claims retains the authority to resolve disputes regarding the claimant's medical status, see Carswell v. Broderick Const., 583 So.2d 803 (Fla. 1st DCA 1991), and the claimant may therefore pursue relief before the judge in connection with a continued need for medical services, including authorization issues relating to further care.
In the present case the doctor was not deauthorized, but payment was disallowed on certain billings for care which had been provided. Unlike Williams v. Triple J Enterprises, 650 So.2d 1114 (Fla. 1st DCA 1995), where a claimant was seeking recoupment of monies personally expended for medical care, the present case involves a reimbursement dispute between the doctor and the employer so as to be within the scope of utilization review. This does not permit the employer to interject issues such as compensability, causal relation, etc., into the utilization review process, as these matters do not avoid a payment obligation for care which has been authorized. See Platzek v. Rock-A-Way, Inc., 512 So.2d 233 (Fla. 1st DCA 1987). Instead, utilization review addresses *291 the appropriateness of the level and quality of care, based on medically accepted standards. § 440.13(1)(i), Fla. Stat. (1993). Any inquiry into medical necessity in this context is generally limited to whether the care is appropriate to the diagnosis,[3] as within the range of reasonable practice parameters accepted by the doctor's peers. See § 440.13(1)(d), Fla. Stat. (1993).
As in Carswell and Long Grove, the reimbursement dispute which the parties presented below involved matters of utilization review outside the realm of the judge's jurisdiction. The appealed order is therefore affirmed.
BARFIELD and ALLEN, JJ., and SMITH, Senior Judge, concur.
NOTES
[1] The formal claim also refers to "continuing" medical, but the dispute was thereafter limited to past medical as of the date of the hearing.
[2] Cases such as Williams v. Triple J. Enterprises, 650 So.2d 1114 (Fla. 1st DCA 1995), which indicate that the employer is limited in deauthorizing medical care under an existing doctor-patient relationship, must be read in light of cases such as Cal Kovens Const. v. Lott, 473 So.2d 249 (Fla. 1st DCA 1985), which more thoroughly explain that when such deauthorization is made over the claimant's objection the employer incurs the risk that the judge may subsequently find such deauthorization to be without good cause. See also § 440.13(2)(d); § 440.13(3), Fla. Stat.
[3] Questions as to the diagnosis itself, apart from whether it was made within reasonable practice parameters, must be pursued before the judge of compensation claims. This would ordinarily involve a medical dispute within the ambit of section 440.13(2)(j)3.a, Florida Statutes (1993).