DAVIS, Judge.
The School Board of Manatee County and Johns Eastern Company (E/SA) appeal an order of the Judge of Compensation Claims, which authorized Dr. William Rea to provide sauna biodetoxifieation therapy to the claimant, Ann Chrisman, based upon a finding that the therapy was reasonable and medically necessary, and was not experimental. The E/SA argue that the Judge of Compensation Claims lacked jurisdiction to authorize Dr. Rea to provide sauna biodetoxifieation therapy because they had submitted the matter to the Agency for Health Care Administration (AHCA) and AHCA’s review was still pending at the time of the final hearing. Because section 440.13(l)(m), Florida Statutes (Supp. 1994), does not preclude the Judge of Compensation Claims from exercising jurisdiction to determine the medical necessity and the nonexperimental nature of a requested therapy when AHCA’s review is pending, we affirm.
On January 8, 1990, the claimant was exposed to two chemical agents while working as a schoolteacher for the School Board of Manatee County. As a result of the chemical exposure, she developed multiple chemical sensitivity syndrome. On December 9, 1994, she filed a request for assistance, which requested authorization of Dr. Rea to provide sauna biodetoxifieation therapy. On December 28, 1994, the E/SA filed a notice of denial, which asserted that the requested therapy was not reasonable or medically necessary and was experimental in nature. On December 30, 1994, the claimant filed a petition for benefits seeking authorization of Dr. Rea to provide sauna biodetoxifieation therapy. The E/SA’s second notice of denial asserted that the requested therapy was not reasonable or medically necessary and was experimental. On May 24, 1995, the E/SA submitted the matter to AHCA.
At the final hearing held on August 14, 1995, counsel for the E/SA argued that the Judge of Compensation Claims did not have jurisdiction to determine the authorization of Dr. Rea to provide sauna biodetoxifieation therapy because they had requested AHCA review and had not yet received a response. On September 7, 1995, concluding that the sauna biodetoxifieation therapy was not experimental and was reasonable and medically necessary, the Judge of Compensation Claims entered an order authorizing Dr. Rea to provide the sauna biodetoxifieation therapy-
On September 7,1995, AHCA sent a letter to the claimant and the E/SA, which disapproved the sauna biodetoxifieation treatment. On September 21, 1995, AHCA sent a letter to the parties deferring to the Judge of Compensation Claims’ final order and advising that the Judge of Compensation Claims’ final order entered on September 7, 1995, superseded its determination and rendered its previously issued determination moot.
We hold that the Judge of Compensation Claims had jurisdiction to determine the medical necessity and the nonexperimental nature of the sauna biodetoxifieation therapy while AHCA’s review was pending. Section 440.13(l)(m), Florida Statutes (Supp.1994),[1] provides in pertinent part:
‘Medically necessary’ means any medical service or medical supply which is used to identify or treat an illness or injury, is appropriate to the patient’s diagnosis and status of recovery, and is consistent with the location of service, the level of care provided, and applicable practice parameters. The service must not be of an exper *500 imental, investigative, or research nature, except in those instances in which prior approval of the Agency for Health Care Administration has been obtained. The Agency for Health Care Administration shall adopt rules providing for such approval on a case-by-case basis when the service or supply is shown to have significant benefits to the recovery and well-being of the patient.
Once the claimant filed a petition for benefits requesting authorization of Dr. Rea to provide sauna biodetoxification therapy, and the medical necessity of that therapy was placed in issue before the Judge of Compensation Claims, the Judge of Compensation Claims was required to resolve the issue of the medical necessity of the requested therápy. See Williams v. Triple J. Enters., 650 So.2d 1114, 1116 (Fla. 1st DCA 1995). In determining the medical necessity of the sauna biodetoxification therapy, it was necessary for the Judge of Compensation Claims to determine the experimental nature of the requested therapy. The only evidence presented before the Judge of Compensation Claims revealed that the sauna biodetoxification therapy was medically necessary and was not experimental. Because section 440.13(l)(m), Florida Statutes (Supp.1994), did not preclude the Judge of Compensation Claims from exercising jurisdiction to determine the medical necessity and nonexperi-mental nature of the sauna biodetoxification therapy while review was pending before AHCA, the Judge of Compensation Claims acted within her jurisdiction in authorizing Dr. Rea to provide the requested therapy.
Accordingly, the order of the Judge of Compensation Claims is AFFIRMED.
ERVIN and KAHN, JJ., concur.

. Although the parties cite different versions of section 440.13, Florida Statutes, in their briefs, the only pertinent change in the 1994 statute is the requirement that approval regarding the experimental, investigative or research nature of the service be sought from the Agency for Health Care Administration, rather than the Division of Workers' Compensation of the Department of Labor and Employment Security.