PER CURIAM.
The judge of compensation claims (JCC) correctly dismissed claimant’s petition for benefits to the extent it sought payment of Dr. Abeckjerr’s bills for services rendered on three separate days in May and June 1993. After the employer/earrier (E/C) determined that the doctor was overutilizing chiropractic services, it submitted the matter to the Division of Workers’ Compensation for utilization review. Consequently, the JCC had no jurisdiction over that claim. See Furtick v. William Shults Contractor, 664 So.2d 288 (Fla. 1st DCA 1995) (affirming order dismissing claim for payment of past medical bills, because matter was subject to utilization review), review denied, 673 So.2d 29 (Fla.1996), petition for cert, filed, 65 U.S.L.W. 3034 (U.S. July 8, 1996) (No. 96-42); Temers of Miami Corp. v. Freshwater, 599 So.2d 674 (Fla. 1st DCA 1992) (en banc) (reversing order which resolved dispute between doctor and E/C concerning amount of payment for services, because JCC lacked jurisdiction); Carswell v. Broderick Constr., 583 So.2d 803 (Fla. 1st DCA 1991) (affirming order dismissing request for payment of balance of medical bills, because JCC lacked jurisdiction); Lamounette v. Akins, 547 So.2d 1001 (Fla. 1st DCA 1989) (granting writ of prohibition to prohibit JCC from determining dispute between chiropractors and E/C over payment, because JCC lacked jurisdiction to resolve dispute).
Nevertheless, it was apparent at the hearing that claimant was also seeking medical treatment in the form of chiropractic care. The issue of medical care was one over which the JCC had jurisdiction. See Williams v. Triple J Enters., 650 So.2d 1114 (Fla. 1st DCA 1995) (reversing order denying reimbursement for prescriptions based on JCC’s belief that he lacked jurisdiction, because question of whether prescription was necessary was one for which JCC had jurisdiction); Wolk v. Jaylen Homes, Inc., 593 So.2d 1058 (Fla. 1st DCA 1992) (reversing dismissal of claim for chiropractic treatment entered based on lack of jurisdiction, because authorization of treatment was the real issue, not gouging).
The JCC did, in fact, pursue the medical issue at the conclusion of the hearing when he directed the E/C to offer three alternative chiropractors to claimant by the end of the business day. Although it was proper for the JCC to act on the medical issue over which he had jurisdiction, he failed to include that portion of his ruling in the written order. Accordingly, to the extent the order dismisses claimant’s petition, it was error as to the medical claim. We therefore reverse and remand for clarification as to the medical issue.
REVERSED and REMANDED for clarification.
ERVIN, KAHN and DAVIS, JJ., concur.