PER CURIAM.
The claimant appeals a workers’ compensation order by which her claim for medical care was denied. We conclude that the judge should not have applied the provider reimbursement manual to this dispute between the claimant and the employer, and that the care should have been awarded pursuant to section 440.13(2)(a), Florida Statutes, upon the judge’s determination of medical necessity.
The claimant sustained industrial injuries and underwent multiple surgeries, with an authorized doctor thereafter recommending pain management processes and therapy, while prescribing various medications and certain nutritional supplements. The doctor explained that these particular supplements produce effects which would aid and enhance the claimant’s healing, and would accelerate the effectiveness of the prescribed medications and treatment. The employer initially paid for the prescribed supplements, but then discontinued payment and declined to further authorize such care. The doctor and the claimant both testified as to the improvement which the claimant experienced while using the supplements as part of her treatment, and the deterioration which the claimant experienced after the supplements were discontinued. The doctor indicated that the supplements were medically necessary, and in the appealed order the judge accepted the doctor’s opinion and likewise found the prescribed supplements to be medically necessary.
The judge nevertheless denied the claim for this treatment, based on a provision in the Florida Worker’s Compensation Health Care Provider Fee for Service Reimbursement Manual. This manual addresses medical billing in connection with the dispensing of medication, and provides with regard to proprietary preparations that reimbursement shall not be made for oral vitamins, nutrient preparations, and other dietary supplements. The judge found the nutritional supplements in the present case to be within this category and denied the claim based on a determination that the supplements are not reimbursable pursuant to the fee schedule. However, the reimbursement manual was adopted by the Division of Workers’ Compensation in connection with the reimbursement and utilization review process under Florida Administrative Code chapter 38F-7, and properly applies to billing disputes between medical providers and employers (or insurance carriers or servicing agents). As indicated in section 440.13(7), Florida Statutes, such reimbursement disputes may be pursued by health care providers in proceedings before the Division. But the judge of compensation claims remains empowered to resolve disputes regarding the claimant’s need for medical care, apart from any utilization or reimbursement issue which may arise between the employer and the health care provider. This distinction, between provider reimbursement disputes before the Division and awards of *586 needed care by the judge, is recognized in cases such as Williams v. Triple J Enterprises, 650 So.2d 1114 (Fla. 1st DCA 1995), and Furtick v. William Shults Contractor, 664 So.2d 288 (Fla. 1st DCA 1995), which indicate that the award of medically necessary care is to be made without regard to the possibility that a payment dispute might arise between the employer and the provider. The claim in the present case, involving a medical care dispute between the claimant and the employer, is therefore governed by the section 440.13(2)(a) provision obligating the employer to furnish medically necessary treatment and care. The judge having ruled that the nutritional supplements are medically necessary in this case, such medical care should have been awarded.
The appealed order is reversed as to the denial of authorization for the claimed medical care. The order is further reversed as to the denial of the accompanying claim for costs and an attorney’s fee, and the case is remanded.
JOANOS, ALLEN and DAVIS, JJ., CONCUR.