967 So.2d 268 (2007)
The AVALON CENTER and Unisource Administrators, Appellants,
v.
Jane HARDAWAY, Appellee.
No. 1D06-2698.
District Court of Appeal of Florida, First District.
September 21, 2007.
Rehearing Denied October 26, 2007.
*270 Mark S. Spangler, of The Law Offices of Mark S. Spangler, P.A., Maitland, and Stephen Hogan, of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellants.
T. Rhett Smith and Teresa E. Liles, of T. Rhett Smith, P.A., Pensacola, for Appellee.
POLSTON, J.
In this workers' compensation appeal, appellants The Avalon Center and Unisource Administrators, the employer and insurance carrier respectively (E/C), appeal a final compensation order, wherein the Judge of Compensation Claims (JCC) ordered payment of $1,891.00 in medical bills to claimant's authorized treating psychiatrist. The JCC also awarded claimant entitlement to attorney's fees and costs. Because we agree with the E/C's alternative arguments that the Agency for Healthcare Administration (AHCA) has exclusive jurisdiction over these disputes between the E/C and psychiatrist, and that the claimant lacks standing, we reverse the final compensation order.

I. BACKGROUND
On December 11, 1991, appellee/claimant Jane Hardaway was employed by The Avalon Center as a child therapist, when she was attacked by one of her patients, a seven year-old boy. Claimant suffered injuries, primarily cuts and bruises, to her face, neck, and arms. Accordingly, the E/C authorized and provided claimant treatment for her resulting physical and mental injuries.
In November 1995, claimant began treatment with Dr. Paul Neal, a clinical psychologist with the Christian Psychological Center. The E/C has continually authorized Dr. Neal's treatment of claimant. From his initial interview with the claimant in 1995, through the present date, Dr. Neal has diagnosed Ms. Hardaway as suffering severe depression, post-traumatic stress disorder, and suicidal ideation, causally related to her accident in 1991.
The E/C alleges that, since beginning treatment in 1995, Dr. Neal has billed the carrier more than $37,000 for claimant's psychotherapy. Accordingly, Ms. Allison Tomme, a senior claims representative for Unisource Administrators, testified by deposition that after several years of ongoing treatment, she submitted Dr. Neal's charges to the E/C's attorney, appellate counsel Mark S. Spangler, for a utilization review pursuant to section 440.13(6), Florida Statutes (2006). That statute requires that workers' compensation insurance carriers review all bills submitted for payment by authorized health care providers, in order to "identify overutilization and billing errors." See § 440.13(6), Fla. Stat. (2006). If the carrier indeed finds that the provider has over utilized the medical services provided, or otherwise discovers a violation of the parameters for treatment set forth in the Workers' Compensation Act, the carrier "must disallow or adjust payment for such services." Id.
Dr. Neal testified in his deposition that he received the utilization review Advisement Letter and Notices of Disallowance from the carrier, and that he understood from the letters that certain bills for claimant's treatment were disallowed. He further testified that he was aware claimant was not responsible for payment of the disallowed bills. Indeed, Dr. Neal testified that, from the carrier's letters, he knew he could challenge the carrier's disallowance *271 by filing a petition with AHCA. Nonetheless, Dr. Neal conceded he did not file a petition, at the claimant's urging, but rather decided to allow the claimant to pursue the dispute through proceedings before the JCC.
Claimant filed a petition for benefits on October 24, 2005, seeking reimbursement, on Dr. Neal's behalf, for the dates of service disallowed by the carrier. The E/C subsequently filed a motion to dismiss the petition for lack of subject matter jurisdiction, arguing that AHCA has exclusive jurisdiction to resolve reimbursement disputes between an insurance carrier and a health care provider. The JCC reserved ruling on the motion until the final order.
Thereafter, on August 24, 2006, the JCC held a compensation hearing on the petition. Relevant to this appeal, claimant's counsel objected during the hearing to the admission into evidence of the E/C's Advisement Letter and the Notices of Disallowance relating to the disallowed medical charges. Claimant argued that the correspondence was inadmissible hearsay. She also asserted that the letters could not be authenticated, because the E/C's attorney had drafted the letter, but was not presented as a witness. The JCC again reserved ruling on claimant's objection until the final order.
On April 28, 2006, the JCC entered the instant final compensation order. The JCC ruled that the Letter of Advisement and the Notices of Disallowance were excluded from evidence, on grounds that the documents were both unauthenticated and hearsay, subject to no exceptions. Regarding the E/C's motion to dismiss for lack of jurisdiction, the JCC found that, pursuant to Florida Statutes, a claimant may bring a petition for benefits seeking payment of past medical bills and that it had jurisdiction to resolve petitions for past medical bills. While the JCC noted that AHCA has jurisdiction over utilization reviews, the JCC found there was no admissible evidence of a utilization review in this case. Accordingly, the JCC ruled it had subject matter jurisdiction to resolve claimant's petition. Ultimately, the court awarded claimant $1,891.00 in medical benefits owed to Dr. Neal, as well as attorney's fees and costs. The E/C presently appeals the order.

II. JURISDICTION
The E/C assert that the JCC erred in asserting jurisdiction over the disputes between the insurance carrier and authorized psychiatric care provider, Dr. Neal, and alternatively, that the claimant is without standing to petition the JCC for reimbursement of the disallowed bills on Dr. Neal's behalf. Because this appeal raises a pure question of law and statutory construction, we review the JCC's order de novo. See Mylock v. Champion Int'l, 906 So.2d 363 (Fla. 1st DCA 2005).
Initially, although claimant was injured in 1991, this court should apply the current workers' compensation law. "While the substantive rights of the parties in a workers' compensation case are determined by the law in effect at the time of the claimant's injury, this rule does not apply to procedural enactments." See City of Clermont v. Rumph, 450 So.2d 573, 575 (Fla. 1st DCA 1984). In Terners of Miami Corp. v. Freshwater, 599 So.2d 674 (Fla. 1st DCA 1992) (en banc), this court held that the provisions of section 440.13 which grant jurisdiction in a reimbursement dispute, then section 440.13(2)(i)(1), are procedural in nature. Indeed, the court noted, "[i]n our opinion, section 440.13(2)(i)(1) does nothing more than specify the forum in which claims such as that which is the subject of this appeal shall be heard. Accordingly, it has no *272 effect on substantive rights and, therefore, is merely procedural." Id. at 675.
Turning to the jurisdictional merits, the E/C contend that the JCC too broadly described the court's jurisdiction under Chapter 440, Florida Statutes. We agree. The JCC stated that it has general jurisdiction over the payment of medical bills to an injured worker. However, this court has previously held that the Courts of Compensation Claims are not courts of general jurisdiction, and therefore do not have "general" jurisdiction over any subject matter beyond that specifically conferred by statute. See Travelers Ins. Co. v. Sitko, 496 So.2d 920, 921-922 (Fla. 1st DCA 1986) ("We begin our analysis with the premise that workers' compensation is purely a creature of statute. All rights and liabilities under the system are created by chapter 440, Florida Statutes, as is the deputy's power to hear and determine issues in a workers' compensation case.").
In this case, the JCC relied on section 440.192(2)(h), Florida Statutes, as support for its position that Judges of Compensation Claims have jurisdiction to order payment of medical bills associated with a claimant's treatment. That section provides, in relevant part:
Upon receipt, the Office of the Judges of Compensation Claims shall review each petition and shall dismiss each petition or any portion of such a petition that does not on its face specifically identity or itemize the following:
* * *
(h) Specific listing of all medical charges alleged unpaid, including the name and address of the medical provider, the amounts due, and the specific dates of treatment.
§ 440.192(2)(h), Fla. Stat. (2006). We agree with the E/C that section 440.192(2)(h) does not expressly grant the JCC jurisdiction, but rather provides only the basic procedural criteria required to present a facially sufficient petition for benefits.
Moreover, section 440.13(11)(c), Florida Statutes (2006), specifically provides exclusive jurisdiction to AHCA:
The [Agency for Healthcare Administration] has exclusive jurisdiction to decide matters concerning reimbursement, to resolve any overutilization dispute under subsection (7), and to decide any question concerning overutilization under subsection (8), which question or dispute arises after January 1, 1994.
(emphasis added). Accordingly, pursuant to the plain language of the statute, the JCC is without jurisdiction to resolve those listed issues.
In this case, the JCC limited the application of section 440.13(11)(c) by finding that the JCC retains jurisdiction over all claims for medical bills except those resulting from a utilization review, and further, that an insurance carrier may resist the jurisdiction of the JCC only if it can prove that it conducted a proper utilization review in accord with the controlling authority. However, the JCC's strict interpretation ignores the plain wording of the statute itself. As noted above, section 440.13(11)(c) provides that AHCA has exclusive jurisdiction over reimbursement disputes and utilization reviews.
A "reimbursement dispute" is defined as "any disagreement between a health care provider or health care facility and carrier concerning payment for medical treatment." § 440.13(1)(r), Fla. Stat. (2006). Because the existing dispute between Dr. Neal and the E/C falls within the definition of a reimbursement dispute, it is within the exclusive jurisdiction of the AHCA. We need not reach the evidentiary rulings by the JCC because, without *273 considering the excluded documents, the record before us clearly indicates reimbursement and overutilization disputes between Dr. Neal and the E/C. The claimant is not seeking additional medical treatment from Dr. Neal. The claimant is not seeking reimbursement for medical charges she has paid or is obligated to pay Dr. Neal. See Williams v. Triple J Enters., 650 So.2d 1114 (Fla. 1st DCA 1995) (holding that the JCC had jurisdiction where a claimant was seeking recoupment of monies personally expended for medical care). The record indicates that claimant sought, on behalf of Dr. Neal, additional amounts to be paid Dr. Neal for his medical services previously rendered.
In Furtick v. William Shults Contractor, 664 So.2d 288 (Fla. 1st DCA 1995), this court noted that the claimant had no legal interest in the dispute between the health care provider and E/C, and ruled that petitions for benefits which involve claims or matters within the scope of the utilization review process are beyond the jurisdiction of the Judges of Compensation Claims:
[U]tilization review . . . pertains only in connection with care which has been authorized, as when the employer/carrier has paid or incurred an obligation to pay for the doctor's services. Because section 440.13(3), Florida Statutes (1993), insulates the claimant from liability in such circumstances, the health care provider (or facility) and the employer/carrier are the parties with the legal interest affected by utilization review. See Long Grove Builders v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987) [holding that the claimant was without standing to bring dispute over amount owing to authorized treating physician]. Reimbursement disputes within the scope of utilization review must thus be pursued as between the provider (or facility) and the employer/carrier in the administrative forum, and such matters may not be pursued before the judge of compensation claims.
Id. at 290 (emphasis added).
In Furtick, the physician remained authorized, "but payment was disallowed on certain billings for care which had been provided." Id. at 290. This reimbursement dispute between Dr. Neal and the E/C was within the scope of utilization review, as in Furtick.
The court in Furtick noted that "[t]his does not permit the employer to interject issues such as compensability, causal relation, etc., into the utilization review process, as these matters do not avoid a payment obligation for care which has been authorized." Id. The claimant, in this case, makes no argument that any of these items have been interjected by the E/C. Further, claimant makes no claim for medical care not received. See Tiznado v. Orlando Reg'l Healthcare Sys., 773 So.2d 584, 585 (Fla. 1st DCA 2000) (noting that the JCC "remains empowered to resolve disputes regarding the claimant's need for medical care, apart from any utilization or reimbursement issue which may arise between the employer and the health care provider").
Accordingly, the JCC lacks jurisdiction as in Furtick, Terners, 599 So.2d 674 (holding that the JCC lacked jurisdiction over the disputed amount the claimant's physician claimed was due from the E/C), Carswell v. Broderick Constr., 583 So.2d 803 (Fla. 1st DCA 1991) (holding that the JCC lacked jurisdiction over the determination of unjustified treatment, hospitalization or office visits and excessive charges for medical care), and Atlantic Found. v. Gurlacz, 582 So.2d 10 (Fla. 1st DCA 1991) (holding that the JCC lacked jurisdiction over a dispute between the E/C and the claimant's authorized physician over the *274 carrier's decision to pay the physician less than the amount billed).

III. STANDING
As to the standing issue, the E/C also assert that the Workers' Compensation Act specifically and expressly insulates the claimant from financially liability in a reimbursement dispute between the E/C and health care provider, and thereby deprives the claimant of standing to pursue a reimbursement dispute before the JCC. Section 440.13(3)(g), Florida Statutes (2006), states that "[t]he employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section."
Additionally, section 440.13(14)(a), Florida Statutes (2006), providing for payment of medical fees and bills, notes,
A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided in this chapter. Such providers have recourse against the employer or carrier for payment of services rendered in accordance with this chapter.
(emphasis added).
In accord with these statutes, claimant is shielded from liability in any dispute between the E/C and health care provider regarding reimbursement for claimant's authorized medical or psychological treatment. Cf. S. Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995) (discussing the source of payment for an independent medical examination, and noting "section 440.13(3)(g), Florida Statutes (Supp.1994), indicates that in the absence of an express statutory provision the claimant is not obligated to pay for medical services under this section").
Absent any real financial liability, claimant is without standing to pursue the reimbursement dispute on Dr. Neal's behalf. See Long Grove Builders, Inc. v. Haun, 508 So.2d 476 (Fla. 1st DCA 1987) (holding that the claimant was without standing to bring dispute over amount owing to authorized treating physician); Wiccan Religious Coop. of Florida, Inc. v. Zingale, 898 So.2d 134 (Fla. 1st DCA 2005) (holding that appellant did not have the adverse interest necessary for standing to assert its challenge).

Conclusion
Therefore, because we hold that AHCA has exclusive jurisdiction over these disputes between the E/C and psychiatrist, and that claimant lacks standing to seek additional payments on behalf of her psychiatrist, we reverse the final compensation order.
REVERSED.
DAVIS, J. and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.