996 So.2d 870 (2008)
ORANGE COUNTY, Florida and Alternative Service Concepts, Inc., Appellants,
v.
Thedora WILLIS, Appellee.
No. 1D07-4552.
District Court of Appeal of Florida, First District.
September 26, 2008.
Barbara A. Eagan of Eagan Appellate Law, Orlando, for Appellants.
Douglas H. Glicken, Orlando, and Bill McCabe, Longwood, for Appellee.
BROWNING, C.J.
In this workers' compensation appeal, the employer/carrier (E/C) challenge the Judge of Compensation Claims' (JCC) order requiring them to pay Claimant's attorney's fees for securing payment of several doctor's bills. We reverse.
During the course of Claimant's treatment with Dr. Hanley, an authorized treating provider, the carrier fell behind on making payments to the doctor. The bills were for treatment that had already been rendered, and there was no danger of Claimant's losing access to care. The only *871 evidence was that the E/C's failure to pay the bills was merely a "mix-up." Nonetheless, rather than contact the E/C, Claimant's attorney filed a petition for benefits seeking payment of the bills.
The claim for payment of bills was a reimbursement dispute, as that term is statutorily defined. See § 440.13(1)(r), Fla. Stat. (2006). Consequently, resolution of the claim was within the exclusive jurisdiction of the Agency for Health Care Administration. See § 440.13(11)(c), Fla. Stat. (2006); Avalon Ctr. v. Hardaway, 967 So.2d 268 (Fla. 1st DCA 2007). Moreover, Claimant here did not have standing to enforce payment of the doctor's bill. See Hardaway, at 274. As the attorney's fee proceeding is ancillary to the reimbursement dispute proceeding, and the JCC has no jurisdiction to address the motion, the JCC's order awarding attorney's fees is REVERSED.
WOLF and ROBERTS, JJ., concur.