WETHERELL, J.
 

 The employer/carrier (E/C) raises three issues in this workers’ compensation appeal: 1) whether the Judge of Compensation Claims (JCC) erred in directing the E/C to pay a bill for an MRI performed on Claimant; 2) whether the JCC’s award of temporary total disability benefits was supported by competent substantial evidence; and 3) whether the JCC erred in determining that Claimant had wages for purposes of calculating Claimant’s average weekly wage (AWW). We affirm the second issue without discussion. We affirm the third issue based upon our decision in
 
 Rene Stone Work Corp. v. Gonzalez, 25
 
 So.3d 1272 (Fla. 1st DCA 2010), and we reverse the first issue for the reasons that follow.
 

 Claimant is an illegal alien from Mexico who has lived in the United States since 2000. Claimant began working as a forklift driver and laborer for the employer in June 2008. Claimant was injured on July 23, 2008, when he fell from a scaffold on the employer’s job site in Miami.
 

 The employer did not immediately report the accident to its workers’ eompen-
 
 *1272
 
 sation insurance carrier. Instead, the employer agreed to pay for Claimant’s medical care and his lost time from work until he recuperated. These payments, like the wages that the employer paid Claimant, were made “under the table” in cash.
 

 The employer stopped making the payments in mid-September 2008, and Claimant thereafter retained an attorney and filed a petition for benefits (PFB). At that point, the employer reported the accident to its workers’ compensation insurance carrier. The accident and injury were accepted as compensable, but the carrier denied indemnity benefits because there was no record of any wages having been reported to the Internal Revenue Service (IRS) for Claimant.
 

 In April 2009, Claimant, with the assistance of his attorney, filed several forms with the IRS, including a Form 1040 on which he reported his income for 2008 to be $8,256 and a Form W-7 entitled “Application for IRS Individual Taxpayer Identification Number.” The parties stipulated that the income Claimant reported to the IRS equates to an AWW of $480, but the E/C argued that because Claimant did not file the correct forms or complete information with the IRS, he did not properly report his income and therefore he failed to establish his wages for purposes of calculating an AWW. The JCC rejected this argument, as do we based upon the analysis in
 
 Rene Stone Work Corp., supra.
 

 The PFB sought authorization and payment for an MRI that had been recommended by a physician who saw Claimant prior to the filing of the PFB. The E/C authorized the procedure, and it was performed on November 3, 2008. There was no evidence that Claimant was billed for the procedure, but because the E/C’s records did not reflect that the bill had been paid, the JCC ordered the E/C to pay for the MRI “per the fee schedule.”
 

 We agree with the E/C that the JCC lacked jurisdiction to order payment of the MRI bill. Disputes concerning an E/C’s failure to pay medical bills submitted to it by an authorized physician are subject to the exclusive jurisdiction of the Agency for Health Care Administration, not the JCC.
 
 See
 
 § 440.13(l)(r) and (ll)(c), Fla. Stat. (2008);
 
 Orange County v. Willis,
 
 996 So.2d 870, 871 (Fla. 1st DCA 2008);
 
 Avalon Center v. Hardaway,
 
 967 So.2d 268, 271-73 (Fla. 1st DCA 2007). Moreover, Claimant has no standing to seek payment of a bill on behalf of a health care provider because he is not responsible for paying the bill and the provider’s sole recourse is to seek payment from the E/C.
 
 See Avalon Center,
 
 967 So.2d at 274 (quoting sections 440.13(3)(g) and (14)(a)).
 

 For these reasons, we reverse that portion of the JCC’s order directing the E/C to pay the MRI bill. In all other respects, the JCC’s order is affirmed.
 

 AFFIRMED in part; REVERSED in part.
 

 LEWIS and THOMAS, JJ., concur.