PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) finding the parties’ disagreement regarding payment of outstanding bills for medical care to be a reimbursement dispute over which she has no jurisdiction, on the authority of Avalon Ctr. v. Hardaway, 967 So.2d 268, 271 (Fla. 1st DCA 2007). We agree, and hold that assertion of this jurisdictional defense (codified at section 440.13(ll)(c), Florida Statutes (1994)) is a de facto concession by the Employer/Carrier (E/C) that the services or products billed were provided by an authorized provider for compensable injuries “in accordance with” or “pursuant to” chapter 440, Florida Statutes, so as to insulate a claimant from financial liability for such charges.
Here, the E/C’s defense to this claim for payment of bills was that some bills had been paid, others were duplicative, and still others had not been properly submitted to the carrier for payment. In presenting this defense, the E/C represented to the JCC that the outstanding bills were from authorized medical providers for compensable conditions, and the dispute about their payment does not implicate Claimant but is between only itself and the medical providers. The E/C’s representation was a binding legal concession, by operation of section 440.32(3), Florida Statutes, and it waived any challenge to the medical necessity of the care such as was asserted in Williams v. Triple J Enter *879 prises, 650 So.2d 1114 (Fla. 1st DCA 1995). Thus, if any entity is financially responsible for these disputed bills, it is the carrier (per section 440.13(14)(a), Florida Statutes (1994)), and Claimant is thereby insulated from financial responsibility (per section 440.13(3)(g), Florida Statutes (1994)). We now hold that any E/C asserting this jurisdictional defense is conceding that, if any entity is financially responsible for the disputed bills, it is the carrier and not the claimant.
To the extent Claimant argues the JCC’s order lacks sufficient findings of fact or ultimate fact to support the ruling, we disagree; the operative finding here, premised on the affirmative averments made by the E/C, is contained in the order: the dispute is a reimbursement dispute. It follows from that finding, though, that section 440.13(3)(g) insulates Claimant from financial responsibility for the disputed bills.
AFFIRMED.
PADOVANO, THOMAS, and CLARK, JJ., concur.