PER CURIAM,
In this workers’ compensation case, the Employer/Carrier (fe/C) raises four issues on appeal to challenge the Judge of Compensation dlaims’ (JCC’s) award of psychiatric -treatment and temporary total disability ' benefits.' On cross-appeal, Claimant raises one'issue and argues the JCC erred- by concluding the first of his two psychiatric hospitalizations was not compensable emergency medical care.' As explained below, we affirm in part, reverse in part, and remand for entry of an order consistent with our opinion herein.
In the first issue on appeal, the E/C correctly points out that the JCC improperly considered the medical opinions of a physician who was not a treating physician, independent medical examiner (IME), or expert medical advisor. § 440.13(5)(e), Fla. Stat. (2013). See also Cespedes v. Yellow Transp., Inc., 130 So.3d 243, 250-51 (Fla. 1st DCA 2013) (holding proof of compensable emergency care requires medical opinion admissible under subsection 440.13(5)(e) which establishes emergency care was both medically necessary for, and causally related to, compen-sable workplace injury). Nevertheless, based on this court’s review of the appellate record as a whole, such error is harmless — as we conclude there is no reasonable possibility that this error contributed to the result in this case, nor is there a reasonable possibility that a different result would be reached were this case remanded for reconsideration- of .the issue of compensability without the. benefit of the emergency room physician’s opinions. See Special v. W. Boca Med. Ctr., 160 So.3d 1251, 1256 (Fla.2014) (holding that the test for harmless error requires beneficiary of error to establish there was',no reasonable possibility that the error contributed to verdict).
*466 We find no merit to the E/C’s second point on appeal, which argues the JCC used an improper legal standard to find Claimant’s mental injury compensable, and affirm without further comment.
On the E/C’s third point on appeal, we agree the JCC reversibly erred when he ordered the. E/C to pay the . providers and any third party payers for all psychiatric bills incurred after April-2, 2014. The JCC had no jurisdiction to award .pay-, ment to the emergency care providers or reimbursement to any third party payer for services. Instead, the JCC could only conclude that the care was for a compensa-ble injury and was medically necessary;— and therefore not Claimant’s responsibility. See Williams v. Triple J Enters., 650 So.2d 1114, 1116 (Fla. 1st DCA 1995) (explaining that although JCC does not have jurisdiction over reimbursement disputes between medical providers and carriers, JCC -has. jurisdiction to resolve issues of medical necessity as between claimant and carrier).
Because we find no .reversible error regarding the JCC’s finding and conclusion that Claimant suffered a compensable and disabling mental injury, the E/C’s fourth point .on appeal, which challenges an award of disability benefits attributable to such injury; is affirmed.
Relative to Claimant’s cross-appeal, which challenges the JCC’s finding that Claimant’s first psychiatric hospitalization was not compensable emergency care, we conclude that the facts that establish the second hospitalization as emergency services, as was concluded by the JCC-(under sections 440.13(1)(f) and 395.002(10), Florida Statutes (2013)), are not meaningfully different than the facts surrounding the first hospitalization. Accordingly, we' reverse the JCC’s conclusion that the first hospitalization was not compensable emergency medical care.
In summary, we AFFIRM the appealed order to the extent, it finds Claimant suffered a compensable psychiatric injury, REVERSE that portion of the order requiring the E/C to make payment to medical providers, REVERSE the JCC’s finding that Claimant’s first hospitalization was not compensable emergency medical care, and REMAND for entry of an order consistent with this opinion.
WOLF, THOMAS, and KELSEY, JJ., concur.