*796
 
 PER CURIAM.
 

 Appellant, Bryan LGH Medical Center (Bryan), a hospital, challenges an order of the Judge of Compensation Claims (JCC) which dismisses for lack of jurisdiction, its claim for payment against Appellees, an employer and carrier (E/C), for emergency medical services furnished to Carlos Carrillo, an alleged employee of Florida Beauty Flora, Inc. We agree with Bryan that it has independent standing to bring a claim for payment for medical services it alleges are due from the E/C under the Workers’ Compensation Law.
 
 See Rebich v. Burdine’s,
 
 417 So.2d 284 (Fla. 1st DCA 1982) (interpreting 1974 amendment to section 440.10(1) as creating independent standing on behalf of physician to bring an action against insurance company for payment of bills);
 
 see also
 
 § 440.13(14), Fla. Stat. (2006) (“A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by the chapter. Such providers have recourse against the employer or carrier for services rendered in accordance with this chapter.”). However, the proper forum for disposition of this dispute is within the Department of Financial Services.
 
 See
 
 § 440.13(7)(a), Fla. Stat. (2009) (providing health care provider’s petition for payment of medical services “must” be filed with Department of Financial Services); § 440.13(ll)(c), Fla. Stat. (2009) (stating Department of Financial Services has “exclusive jurisdiction to decide any matters concerning reimbursement”);
 
 Avalon Ctr. v. Hardaway,
 
 967 So.2d 268, 273 (Fla. 1st DCA 2007) (holding JCC does not have jurisdiction over reimbursement dispute because jurisdiction is vested in another agency);
 
 see also Terners of Miami Corp. v. Freshwater,
 
 599 So.2d 674, 675 (Fla. 1st DCA 1992) (en banc) (explaining July 1, 1990 legislative amendments vesting jurisdiction in Division of Workers’ Compensation to resolve reimbursement disputes are procedural changes that divest JCC of jurisdiction to resolve such disputes). Accordingly, because the JCC did not have jurisdiction over the particular dispute raised in Bryan’s claim, we AFFIRM.
 

 DAVIS, BENTON, and MARSTILLER, JJ., concur.