MARSTILLER, J.
 

 On February 10, 2010, Kitty Cook (“Claimant”) filed a petition for worker’s compensation benefits seeking medical benefits for work-related injuries she sustained on August 23, 1994. Specifically, she sought from the Employer/Carrier (“E/C”) payment of five medical bills for treatment she received from Dr. Alex Igle-sias. The E/C responded to the petition stating they had not denied treatment, but Dr. Iglesias had never submitted medical bills for payment. Having finally received the bills via Claimant’s petition, the E/C sent them on for processing and payment. The E/C moved for a summary final order arguing that Claimant’s request for payment of Dr. Iglesias’ bills is a reimbursement dispute over which the Judge of Compensation Claims (“JCC”) lacks jurisdiction. The JCC agreed, and entered an Amended Order Granting Employer/Carrier’s Motion for Summary Final Order, which Claimant now appeals. We affirm the JCC’s order.
 

 Claimant asserts on appeal, as she did below, that there is a genuine dispute of material fact as to whether Dr. Iglesias was and continues to be authorized.
 
 See
 
 Fla. Admin. Code R. 60Q-6.120. She has presented no evidence, however, to contravene the E/C’s position that Dr. Iglesias was and remains authorized. The fact of nonpayment suggests nothing about the doctor’s authorization status because, as the E/C’s response to the petition indicates, the E/C had not declined to pay but merely was not in receipt of the bills. Elsewhere in the record is evidence that the bills were paid shortly thereafter. Because there is no evidence that Dr. Iglesias was not or is not authorized, and viewing the evidence in a light most favorable to the nonmoving party, it appears Dr. Iglesi-as was and remains authorized.
 
 See Thomas v. Eckerd Drugs,
 
 987 So.2d 1262 (Fla. 1st DCA 2008) (viewing evidence in light most favorable to nonmoving party, on review of summary final order). Hence, there is no genuine question of
 
 *620
 
 material fact — only a disputed question of law as to whether this is a reimbursement.
 

 The JCC correctly resolved the legal dispute. Under section 440.13(1)(r), Florida Statutes (2009), “any disagreement between a health care provider or health care facility and carrier concerning payment for medical treatment” is a reimbursement dispute. The Department of Financial Services has exclusive jurisdiction over such disputes.
 
 See
 
 § 440.13(11)(c), Fla. Stat. (2009);
 
 Bryan LGH Med. Ctr. v. Fla. Beauty Flora, Inc.,
 
 36 So.3d 795, 796 (Fla. 1st DCA 2010). Accordingly, the JCC lacked jurisdiction over Claimant’s petition and correctly granted the E/C’s motion for summary final order.
 
 See Avalon Ctr. v. Hardaway,
 
 967 So.2d 268, 273 (Fla. 1st DCA 2007) (holding JCC does not have jurisdiction over reimbursement dispute because jurisdiction is vested in another agency).
 

 AFFIRMED.
 

 WEBSTER and ROWE, JJ., concur.