PER CURIAM.
The Appellant, a health care provider, challenges a final order from the Workers’ Compensation Division of the Department for Financial Services (the Department), which found that it lacked subject matter jurisdiction over the claim. We AFFIRM because the Department lacks jurisdiction over a claim for the reimbursement of medical bills until the compensability of the claim is established. Compare Amerisure Ins. Co.-Fl. v. Martin Mem’l Med. Ctr., 67 So.3d 353, 353 (Fla. 1st DCA 2011) (holding the Department does not have jurisdiction over medical provider’s claim for reimbursement of medical charges where compensability of injury for which services were provided is in dispute), with Bryan LGH Med. Ctr. v. Fla. Beauty Flora, 36 So.3d 795, 796 (Fla. 1st DCA 2010) (holding Judge of Compensation Claims does not have jurisdiction over reimbursement dispute actionable under section 440.13(7)(a)). Here, because compensability has yet to be established, the health care provider’s claim does not fall within the Department’s jurisdiction. We find the Appellant’s constitutional challenges premised on the right to access to courts unavailing because the record before us fails to establish that the Appellant has been foreclosed from all other avenues of redress for its outstanding bills.
AFFIRMED.
BENTON, PADOVANO, and ROBERTS, JJ., concur.